CHARLOTTE E. BROWN, Respondent, *v.* HENRY BROWN, Appellant.

The provision of section 135 of the Code fixing a time wherein a defendant, "except in an action for divorce," may be allowed to come in and defend, where service of summons was by publication, does not deprive the courts of power to open a default in a divorce case where summons was so served.

The object of the provision was to enlarge not to restrict the powers of the court to relieve against judgments so obtained; and the power which the courts had over their own judgments prior to the Code is not interfered with.

*Brown* v. *Brown* (1 Hun, 443; 3 N. Y. S. C. [T. & C.], 477) reversed.

(Argued October 6, 1874; decided November 10, 1874.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a Special Term order vacating judgment and allowing defendant to

come in and defend. (Reported below, 3 N. Y. S. C. [T. & C.], 477; 1 Hun, 443.)

This was an action for divorce. The summons was served by publication, there was no appearance on the part of defendant, and a judgment for an absolute divorce was obtained and perfected.

Shortly thereafter defendant, upon proof that he did not receive any copy summons or any notice of publication, and upon affidavits showing a defence, applied to have the judgment opened and that he be allowed to come in and defend. The motion was granted. Plaintiff appealed to the General Term where the order of the Special Term was reversed upon the ground that the court had no power to grant it.

*H. C. Place* for the appellant.

*Charles W. Dayton* for the respondent.

RAPALLO, J. We cannot concur in the conclusion at which the General Term arrived in this case, that section 135 of the Code deprives the courts of all power to open a default in an action for a divorce when the summons has been served by publication. The object of the provision in section 135, in relation to opening judgments, undoubtedly was to give to parties proceeded against by publication ample opportunity to appear and defend, and to enlarge rather than to restrict the power of the courts to relieve against judgments obtained in that manner. Under that provision the period of seven years must elapse before a judgment founded on publication can be reposed upon as final. It is obvious that such a provision is inappropriate to actions for divorce; they were therefore excepted from it. But the power which the courts had before the Code, over their own judgments and records, is not interfered with. It is not contended that section 135, or any other, takes away the power of the court to open a judgment of divorce entered upon default, where the summons has been personally served, and it would indeed be an anomaly to give

so much greater effect to one entered upon publication that while the former could be opened by the exercise of the discretionary power of the court, the latter would be beyond the reach of any such power. We do not think that it was the intention of the act to produce any such unreasonable result.

As the sole ground of reversal of the order of the Special Term was its supposed want of power, the order of the General Term must be reversed, and the case remitted for hearing upon the merits, without costs in this court.

All concur.

Order reversed and ordered accordingly.