CONSTANCE B. PRICE, Respondent, *v.* STEPHEN BROWN et al., Executors, etc., et al., Appellants.

It is within the power and discretion of a referee, on trial of an action, to allow an amendment of the complaint, which does not affect the issue upon determination of which plaintiff's right to relief depends, or which does not bring in a new cause of action ; and his decision thereon is not reviewable here.

Where a promissory note is payable to order and not indorsed, the legal presumption is that it was delivered to the payee named, or some one authorized by him to receive it, and its possession by a third party will be deemed to be in trust; as between him and the payee, the note furnishes at least *prima facie* evidence that the former has the legal title.

Where it appeared that a note belonging to plaintiff went into and formed part of the consideration of a bond and mortgage given to her husband. *Held,* that these instruments were impressed with a trust in plaintiff's favor for the amount of the note ; and that it was immaterial whether or not there was an express agreement to that effect on the part of the mortgagee.

*Robinson* v. *Cushman* (2 Denio. 149), *Pease* v. *Dwight* (6 How. [U. S.] 190), distinguished.

Where improper evidence has been received under objection and exception, which subsequently, on motion of the party against whom it was offered, is stricken out, this is to be deemed an abandonment of the exception, and such party may not have the benefit of it on appeal.

(Argued February 11, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 4, 1884, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the complaint.

*Charles Hughes* for appellants. The making of a note payable to the order of a third person is *per se* no evidence of a debt or claim existing in the favor of the payee, nor is it evidence of a legal title, or even of an equitable interest therein, in favor of such payee. (*Fanning* v. *Russell,* 94 Ill. 386.) An admission which is as consistent with innocence as with

guilt must be construed to agree with innocence, and when defendant's liability is sought to be proved by inference from circumstances and admissions, he has a right to demand that all the circumstances and all conversation be considered. (*Nesbit* v. *Stringer*, 2 Duer, 26.) An admission in an undelivered instrument is not binding on the party whose hand and seal is attached to it. (*Robinson* v. *Cushman*, 2 Denio, 149.) It cannot be claimed that Price, by his indorsement, necessarily admitted that he acted as agent. (*Stone* v. *Rawlingson*, Willis, 562; *Pease* v. *Dwight*, 6 How. [U. S.] 190, 200.) There is no such thing as a symbolical delivery of negotiable paper. (*Muller* v. *Pondir*, 55 N. Y. 335.) Nor can the husband, without delivery to and acceptance by the wife, bind her by his own deed of gift, however clear his intention, to contracts and covenants contained therein, or to liabilities arising out of the same. (*Munson* v. *Dyett*, 56 How. Pr. 333.) The husband is not presumed to have any agency for his wife by reason of the marital relation. (*Hoffman* v. *Treadwell*, 2 T. & C. [Sup. Ct.] 57.) The express authority of the agent to make either general indorsements by which the principal should be bound must be shown, or else the holder must show express authority in the agent to make that particular indorsement in that particular form. (*Muller* v. *Pondir*, 55 N. Y. 325; *Pease* v. *Dwight*, 6 How. [U. S.] 198.) A court of equity cannot, by its authority, render a gift perfect which the donor has left imperfect. (*Young* v. *Young*, 80 N. Y. 422.) Nor can a court of equity convert an imperfect gift into a declaration of trust, simply on account of the imperfection which would render it invalid as a gift. (*Martin* v. *Funk*, 75 N. Y. 134; *Young* v. *Young*, 80 id. 422; *Harrison* v. *Mennomy*, 2 Edw. Ch. 251.) Money paid by a trustee for lands or other property, or for choses in action, sought to be subjected to a trust, must be identified as trust moneys, and when the trust fund has consisted of money and been mingled with other moneys of the trustees in one mass, undivided and undistinguishable, and the trustee has made investments generally from moneys in his possession, the *cestui que trust* cannot claim a specific lien upon the property or

funds constituting the investments. (*Ferris* v. *Van Vechten*, 73 N. Y. 113; Hill. on Trustees, marg. p. 522.) There being no claim for any personal judgment against the Roessles, and the action being one in which no such judgment could be rendered against them, it was a grave error to allow a party to the action to give evidence in her own behalf, which might affect a recovery against the executor of a deceased person, concerning a personal transaction between the witness and such deceased person. (1 Wharton's Law of Ev., § 473; *Foote* v. *Beecher*, 78 N. Y. 155; 1 id. 519; *Williams* v. *Fitch*, 18 id. 546.) All communications made by a client to his counsel for the purposes of professional advice or assistance are privileged, whether such advice relates to a suit pending, one contemplated, or to any other matter proper for such advice or aid. (*Williams* v. *Fitch*, 18 N. Y. 546; *Britton* v. *Lorenz*, 45 id. 51; *Bacon* v. *Frisbie*, 80 id. 394; *Root* v. *Wright*, 84 id. 76; Code of Civil Pro., § 835.) The form of the communication, as whether by an oral statement or by delivering a written instrument, makes no difference in the application of the rule. (*Coveney* v. *Tannahill*, 1 Hill, 33; 70 N. Y. 62; 45 id. 57; *Mitchell's Case*, 12 Abb. Pr. 249; overruled in 84 N. Y. 76; *Brandt, ex dem. Van Cortland et al.*, v. *Klein*, 17 Johns. 335.) The referee erred in allowing the amendments to the complaint at the time he did. (*Kent* v. *Popham*, 13 Week. Dig. 489; *Quimby* v. *Claflin*, 77 N. Y. 270.)

*Frank J. Mather* for respondent. If the note was Mrs. Price's property the mortgage was, *pro tanto*, a trust for her benefit. (*In re Frazer et al., Exrs.*, 92 N. Y. 239.) Price's declaration was competent evidence against his executors, and tended to prove that the loan by Mrs. Price to the Roessles was at least $5,000. (*In re Frazer et al., Exrs.*, 92 N. Y. 239; Abb. Trial Ev. 173, ¶ 12; 174, ¶ 13.) As between Mrs. Price and the Roessles the note was certainly sufficient, if not conclusive, evidence that they were indebted to her in the sum of $5,000. (1 R. S. 768, §§ 1, 4, part 2, chap. 4, tit. 2; *Hughes* v. *Wheeler*, 8 Cow. 77; *Butler* v. *Rawson*, 1

Denio, 106; *Cayuga Bank* v. *Warden*, 6 N. Y. 28; *Rynders* v. *Crane*, 3 Daly, 339; *Kelly* v. *Campbell*, 2 Abb. Ct. App. Dec. 492; *Graff* v. *Roher*, 35 Md. 327; *Hill* v. *Pen River Bank*, 45 N. H. 300; *Smith* v. *Lee*, 2 N. Y. S. C. [T. & C.] 591; 75 N. Y. 139; 2 Story's Eq. Jur., § 1204; *Smith* v. *Smith*, 50 Mo. 262; *Tooke* v. *Newman*, 75 Ill. 215.) Plaintiff's husband was plainly estopped from asserting title to the note for himself. (2 Abb. Ct. App. Dec. 494; *Ch. & R. R. Co.* v. *Shea*, 66 Ill. 480; *Barnard* v. *Campbell*, 55 N. Y. 456; *Muller* v. *Pondir*, id. 335; *Moore* v. *Mut. Nat. Bk.*, id. 41; *Viele* v. *Judson*, 82 id. 32; *Hamlin* v. *Sears*, id. 327; *Peake* v. *Thomas*, 39 Mich. 584.) Plaintiff's title to both the note and the money is demonstrable upon the theory of a gift of the money by Price. (*Scott* v. *Simes*, 10 Bosw. 314; *Sanford* v. *Sanford*, 45 N. Y. 723; *Martin* v. *Funk*, 75 id. 134; *Trow* v. *Shannon*, 78 id. 446; *Young* v. *Young*, 80 id. 422; *Boone* v. *Citizens' Savings Bk.*, 84 id. 83; *Mabie* v. *Bailey*, 95 N. Y. 206; 2 Story's Eq. Jur., § 1204; *Ross* v. *Draper*, 45 Am. Rep. 624; *Smith* v. *Lee*, 2 N. Y. S. C. [T. & C.] 591; *Muller* v. *Pondir*, 55 N. Y. 325; 1 Schouler's Dom. Rel. 233; *Coggell* v. *Am. Ex. Bk.*, 1 N. Y. 113; *Graves* v. *Am. Ex. Bk.*, 17 id. 205; *In re Frazer et al.*, 92 id. 239.) The referee was not bound to believe Roessle's statement that the notes were all delivered to plaintiff's husband, he being a party to the suit. (*Kavanagh* v. *Wilson*, 70 N. Y. 177; *Hill* v. *Wilson*, 7 Eng. R. [Moak's notes] 449; *Ellwood* v. *Western U. Tel. Co.*, 45 N. Y. 559; *Sheridan* v. *Mayor, etc.*, 8 Hun, 424; 68 N. Y. 30; *B. C. R. Co.* v. *Strong*, 75 id. 591; *Kohler* v. *Adler*, 78 id. 287; *McNulty* v. *Hurd*, 86 id. 548; Willard's Eq. [Potter's ed.] 641, 644, 645; *Rawson* v. *Penn. R. R.*, 48 N. Y. 212; *Seymour* v. *Fellows*, 77 id. 178; *Rynders* v. *Crane*, 3 Daly, 339; 1 R. S. 768, § 4.) The fact of plaintiff's title to either the money or the note being established, the law charges her husband, as her trustee, in taking the mortgage. (*Boyd* v. *De La Mountaine*, 73 N. Y. 498; *Shuttleworth* v. *Winter*, 55 id. 624; *In re Frazer et al.*, 92 id. 248; *Van Allen* v. *Ex. Nat. Bk.*, 52 id. 1; *Justh* v. *Nat.*

*Bk. of Com.*, 56 id. 78; *Newton* v. *Porter*, 69 id. 133; 25 Am. Rep. 152; *Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *Hooley* v. *Gieve*, 9 Abb. N. C. 8; *Haddon* v. *Lundy*, 59 N. Y. 320; *Bd. of Education* v. *Fonda*, 77 id. 304; Story. on Agency, § 229; 2 Story's Eq. Jur., §§ 1257, 1260.)

DANFORTH, J. On the 22d of November, 1869, the defendants Roessle executed their bond to the defendant Walter W. Price, conditioned to pay $50,000, and as security therefor, a mortgage upon certain real estate in consideration of the surrender of their promissory notes of a like amount. The complaint alleged that two of these notes, amounting to $10,000, belonged to the plaintiff, and were, at the request of the defendant Walter, delivered to him, to be secured by the mortgage and upon his agreement to hold the same in trust for her to that extent, " and," the complaint states, " the plaintiff allowed him to take the notes, and he immediately gave them to the defendants Roessle, one of whom thereupon, in the presence of the plaintiff, destroyed said notes "; that no part of this sum has been paid to her, and for reasons stated, she believes and charges that the defendants intend to dispute their indebtedness and " cheat and defraud her out of her rights in the premises." She asks that it may " be adjudged that she is the owner of the bond and mortgage to the extent of $10,000, and that that sum and interest is a lien thereupon in the hands of said Price, and that said Roessles may be adjudged to pay her that portion of the principal, together with the interest, as either or both shall become due from time to time," and that in the mean time they may be enjoined from doing any thing to her prejudice. At the close of the plaintiff's case, upon her motion and against the defendants' objection, the referee allowed the complaint to be amended by striking out the portion first above quoted from it. Upon the exception then taken, the appellants allege error.

It is plain that the object of the action was to protect and enforce the equitable interest of the plaintiff, growing out of the circumstances above mentioned. A denial of their exist-

ence formed the issue, upon the determination of which the plaintiff's right to relief depended. The amendment in question did not affect that or bring in a new cause of action, and as the power of the referee in such matter has no other limit, his decision is not the subject of review. (*Reeder* v. *Sayre*, 70 N. Y. 180; *Harris* v. *Tumbridge*, 83 id. 92.)

Upon the merits, the referee found the execution of the bond and mortgage as above stated, and the other allegations in favor of the plaintiff to the extent of $5,000. It is said by the appellants the finding of the referee as to the plaintiff's interest has no evidence in its support, and an exception to that effect presents the main question before us. It appeared, however, that among the promissory notes surrendered to the Roessles at the time of the execution of the bond and mortgage, there was one dated October 15, 1869, by which, three months after date, they promised to pay "to the order of Constance B. Price (the plaintiff) $5,000, * * * value received, with interest"; that it was all in the handwriting of one of the Roessles, and bore, in the handwriting of the decedent, Walter W. Price, an indorsement in these words:

"This note is surrendered, the amount thereof forming part of $50,000 loaned and secured by mortgage on Fort William Henry Hotel property, and chattel mortgage on furniture, dated November 22, 1869.

"CONSTANCE B. PRICE.
By WALTER W. PRICE."

There was also testimony from one A. that a short time after the mortgage was given, Walter W. Price stated to him "that Roessle came up and wanted to borrow $10,000 for a few days; he said he told him that he had not got any ready money, but that he did not know but his wife might have some; that he would see his wife; that he did see her, and afterward she let them have $10,000." A case was thus made for the consideration of the referee.

A promissory note is evidence of a debt due from the maker to the payee, and if payable to order and not indorsed, its pos-

session by a third party will not be deemed *mala fide*, but in trust; and as between those two persons, the form of the note furnishes at least *prima facie* evidence that the former·has the legal title. In addition to the presumption arising from the face of the paper is the act of indorsement in the name of the payee by the defendant as her agent, and the declaration which may, unexplained, be held referable to the same transaction. So the written evidence and the admission both sustain the plaintiff — the last as to the consideration of the paper, and the first as to the real ownership. The legal and equitable title are thus shown to be in the plaintiff.

The learned counsel for the appellants cites *Robinson* v. *Cushman* (2 Denio, 149) and *Pease* v. *Dwight* (6 How. [U. S.] 190, 200). They do not aid his contention. The first holds that a note retained by the maker has no force as a contract or binding obligation. It goes no further. The court is careful so to limit it. The paper there considered recited the provision contained in it to be "for value received and justly and truly due her" (the payee), "for services rendered me" (the maker), "during my illness," and the learned reporter fairly states the opinion as holding "that the statement is very slight evidence as an admission of the fact stated, and the other proof in the cause showing that nothing was then due the plaintiff, as holding further that she was not entitled to recover." In *Pease* v. *Dwight* the name of one of several payees was inserted by mistake, or inadvertently left in, when the note was delivered, and the court held that, if indorsed by the real payees, the indorsee could recover upon proving that fact.

In the case before us there is no pretense that the makers did not receive the full consideration mentioned in the note, nor that they did not deliver it, and as to Walter W. Price it is enough if the indorsement is some, even slight evidence of his relation to the paper. The legal presumption is that the note was delivered either to the payee named therein (the plaintiff), or some one authorized by her to receive it. The referee has found that the consideration moved from the plaintiff, and has refused to find that the note was delivered to the defendant Walter W. Price. It stands then as a note made

for value and delivered to the payee.   This is quite enough to sustain the plaintiff's title.   (*Hughes* v. *Wheeler*, 8 Cow. 77 ; *Kelly* v. *Campbell*, 2 Abb. Ct. of App. Dec. 492.)   It is not denied that the note went into the bond and formed part of the money secured by it and the mortgage.   These instruments are, therefore, impressed with a trust in favor of the plaintiff for the amount due her, and whether by express agreement of the mortgagee or otherwise is immaterial.   No particular form of words was necessary to produce that result.   If not agreed to, there was a trust *in invitum*, on the ground that the. defendants hold securities to the benefit of which the plaintiff is entitled, and which they cannot conscientiously withhold from her.   (Story's Eq. Jur., § 1255 ; *Newton* v. *Porter*, 69 N. Y. 133.)   But the referee has found, upon evidence quite sufficient to warrant the inference, that the bond and mortgage was accepted and held by Walter W. Price, in his life-time, as agent or trustee of the plaintiff in respect to the $5,000 and interest.

One exception remains.   The record shows that the plaintiff was permitted to testify to certain transactions in respect to the money, note and mortgage, with the deceased Walter W. Price. It also appears that, upon motion of counsel for his executors, the evidence, so far as it related to them, was stricken out.   It was, however, retained as to the defendants Roessle.   In this was no error.   If there was error in receiving it, the error was cured, not only by consent of the appellants, but on their application.   In such case the exception first taken must be deemed abandoned.   A party cannot on appeal have the benefit of an exception to the admission of evidence, and at the same time deprive his adversary of the advantage of the evidence excepted to.   We find nothing in the able and ingenious argument of the learned counsel for the appellants which creates any doubt as to the correctness of any of the referee's decisions, and we agree with the court below in the opinion that the judgment rendered on his report should be affirmed.

The judgment appealed from should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.