JULIUS FORSTMAN AND OTHERS, APPELLANTS, *v.* RUTH A. SCHULTING, EXECUTRIX, ETC., RESPONDENT.

*Practice — motion for a new trial on the ground of a change in the decisions of the Court of Appeals on the question involved — when the motion will be barred by laches — motion for a new trial on exceptions — within what time it must be made — costs allowed on its denial.*

Upon the trial of this action, at a Special Term, the complaint was dismissed, the court finding, as a matter of fact, that the release sought to be set aside because of alleged fraud was executed in good faith. Exceptions were filed and a proposed case was settled in February, 1879, but was never filed with the clerk. On February 18, 1879, a judgment for costs was paid and satisfied. December 8, 1883, the plaintiff moved for a new trial, claiming that the trial court was misled by a decision of the Court of Appeals (*Dambmann* v. *Schulting*, 75 N. Y., 55), which decision was, as claimed, altered or reversed by a subsequent decision in another action arising upon the same state of facts. (*Hardt* v. *Schulting*, 85 N. Y., 624.)

*Held*, that the motion, in so far as it was founded on the second decision of the Court of Appeals, was properly denied, because, treating it as a question of newly-discovered law, that was not a ground upon which a new trial could be granted. Per DAVIS, P. J. (DANIELS, J., *contra*).

That the motion was properly denied upon the ground of the plaintiff's laches. Per DANIELS, J.

That as the time for taking an appeal had expired before notice of the motion was given, the court had no power under section 1002 of the Code of Civil Procedure to entertain the motion as made for a new trial on the exceptions, and that it erred in granting costs to be taxed by the clerk, instead of limiting them to ten dollars, the cost of an ordinary motion.

APPEAL from an order of the Special Term, denying a motion for a new trial.

*William Watson,* for the appellants.

*C. B. Smith,* for the respondent.

DAVIS, P. J.:

This case comes again before us upon an order for a reargument. The action was tried at Special Term and the complaint dismissed by that court, the court finding, as matter of fact, that the release sought to be set aside for fraud was executed in good faith, without any mistake on the part of the plaintiffs, and without any misrepresentation or concealment of material facts on the part of the defendant. Exceptions were filed to the findings of the court and a proposed case was made and served, and subsequently settled in the month of February, 1879; but it appears that the case was never filed with the clerk, and on the 18th of February, 1879, judgment for costs in the action was paid and a satisfaction executed, and no further steps were taken in the action until the 8th of December, 1883, at which time application was made to revive the action by bringing in the present defendant as executrix of the original defendant who had died. Several cases, growing substantially out of the same transaction, and dependent upon similar facts, have been before this court and the Court of Appeals. The first was the case of *Dambmann* v. *Schulting,* which was an action to set aside the same release, the release having been executed by several creditors of Schulting. In that case the court at Special Term, in substance, found the several facts that transpired prior to and at the time of the execution of the release, and without finding in so many words that those facts established the alleged fraud upon which it was sought to set aside the release, it adjudged that the release was fraudulent and void. The case came on appeal to this court, where the judgment of the Special Term was affirmed. But on appeal to the Court of Appeals (75 N. Y., 55), it was held, in substance, by that court, that the findings of fact made by the Special Term did not warrant its conclusions of law, and did not establish that the release was obtained by any fraudulent misrepresentation or concealment, and the judgment was reversed. Subsequently, on the trial of the case of *Hardt* v. *Schulting,* the court at Special Term, upon substantially the same evidence, found, as matter of fact, that the release was obtained by fraud. This court

affirmed that judgment, and the Court of Appeals also affirmed the judgment (85 N. Y., 624) upon the finding of fraud by the Special Term. The case of *Dambmann* v. *Schulting* was reconsidered by the court, as appears by the report in 85 New York, 622, and the judgment in that case was again affirmed. It seems to be apparent that if the judge, who tried *Dambmann* v. *Schulting*, at Special Term, had found, as matter of fact, that the release was obtained by fraudulent representation or concealment, the judgment would not have been disturbed by the court of last resort, and the difference between the results of these cases seems to have arisen from the finding in the one of fraud, as a matter of fact, and in the other as a conclusion of law.

This case was tried after the decision in *Dambmann* v. *Schulting,* in the Court of Appeals, but before *Hardt* v. *Schulting* was decided in that court; and it would seem that .the learned judge at Special Term regarded the Court of Appeals as having held that upon substantially the same evidence as that given in *Dambmann* v. *Schulting*, it would be his duty to find as matter of fact that there was no fraud in obtaining the release. In this, we think, he was in error, because *Hardt* v. *Schulting* clearly establishes that if he had found upon the evidence in this case that the release was obtained by fraud, the finding would have been upheld both in this court and in the Court of Appeals. Not only were the case and exceptions made in this case not filed in the court, but no appeal was taken in the case, and the time for appeal has long since expired. The motion for new trial at Special Term, from which the present appeal is taken, was based in part upon a historical narrative of the proceedings in the case of *Dambmann* v. *Schulting* and *Hardt* v. *Schulting*, and the supposed discrepant results of those cases, which seem to have been regarded by the counsel for the appellant as newly discovered evidence justifying a new trial; and, also, upon the case as originally made and settled, but never filed. Assuming the cases last mentioned to be in conflict, there is no principle of law upon which such results can be regarded as newly discovered evidence to establish important facts in a case, which would entitle a party to a new trial under any established rule of the courts. They more properly present a question of newly discovered law, which has not yet been considered to be a sufficient basis for the granting of new

trials in preceding cases, for that course might render all judgments altogether too unstable for the adjustment of human affairs. So far as this ground goes the Special Term was right, we think, in denying the motion.

The only remaining question is whether the court, at Special Term, could properly entertain the motion for new trial upon the case and exceptions. It is apparent from the form of the order that the Special Term considered that the motion was not properly before it as one for a new trial upon the case and exceptions. On the former argument, this court held that that ruling was correct, and we are still of that opinion. (See MS. op., BRADY, J.) Section 1002 of the Code of Civil Procedure provides, we think, for the hearing of such a motion in a case like this at a Special Term held by the same judge who presided at the trial, unless he specially directs the motion to be heard before another judge. But that section is amended by chapter 403 of the Laws of 1884 (Laws of 1884, p. 484), which provides that such a motion cannot be made unless notice thereof be given before the expiration of the time within which an appeal can be taken from the judgment. The time for an appeal had long expired before this motion was made and before notice thereof was given, and hence there was no authority in the Special Term to entertain the motion as an allegation of error in findings of fact or rulings of law made by the judge upon the trial.

As the court had no power to entertain the motion on the ground last considered, it should not, as it seems to us, have awarded costs to be taxed by the clerk, but only the costs of an ordinary motion. Such costs were taxed at seventy-four dollars and forty-seven cents, as appears by the notice of appeal. That part of the order, directing the taxation of costs, should be reversed and the costs upon the denial limited to the ten dollars allowed by the Code.

With that modification, the order should be affirmed, without costs of this appeal to either party.

BRADY, J., concurred.

DANIELS, J.:

While I have no serious doubts as to the power of the court on the motion made to set aside this judgment, for the court has power

in all cases to do that, when justice may require such a direction (*Hatch* v. *Central National Bank*, 78 N. Y., 487; *Underwood* v. *Sutcliffe*, 21 Hun, 358; *Brown* v. *Brown*, 58 N. Y., 609), and that it might be done because of the change in the decision of the Court of Appeals, in the case of *Hardt* v. *Schulting* (85 N. Y., 624), from that of *Dambmann* v. *Schulting* (75 id., 55), between which decisions this action was tried. [The case of *Smith* v. *Frankfield* (13 Hun, 489) sustaining such an application, affirmed. (77 N. Y., 414.)] I am still convinced that the order denying the motion for a new trial was right. For the decision of *Hardt* v. *Schulting* (*supra*) was made, and became known to the plaintiff's counsel in May, 1881, and the defendant Schulting did not die until the month of April, 1882. During this period of upwards of ten months, nothing whatever was done towards a motion to set aside the judgment and obtain a new trial. And no satisfactory excuse for the delay has been given. The practice allowed the motion to be made at any Special Term, without delaying it until a court should be held by the justice presiding at the trial. And there was then no uncertainty as to the existence of that rule, where the motion was to be made, as this was substantially, as a motion for a new trial, on the ground of surprise or newly discovered evidence. There was, therefore, no excuse either legally or as a matter of fact for this long delay. The facts were all well known, and but a few hours at most was required to put them in legal form for use on such a motion. The opportunity was in all respects fully matured. And yet nothing was done for over ten months to make it available. This neglect was so far prolonged as to deprive the plaintiffs of their right after that, and after Schulting himself had died, successfully to make the motion. And I accordingly, on this ground, agree to an affirmance of the order denying the motion for a new trial, and to · the modification of the direction concerning the costs, for the reasons given by the presiding justice.

Order modified as directed in opinion, and affirmed, as modified, without costs of appeal to either party.