E. MERRITT COLLYER, RESPONDENT, *v.* GEORGE B. COLLYER, APPELLANT.

*Action for slander — what is a sufficient charge of an offense to constitute it — power of the court to amend the complaint.*

In an action for slander the complaint charged that defendant uttered the following words concerning the plaintiff: "He and Steve got my nephew, whom I left in charge of the house, drunk, and they went through the house and stole my sister Elizabeth's will and other papers." On the trial the plaintiff was permitted to amend the complaint by adding after the word "stole" the words "and destroyed," to which an exception was taken by the defendant.

*Held,* that the complaint was sufficient without the amendment; that as the defendant characterized the act as a larceny, and included the words "other papers" with the word "will," it was not necessary that he should specify pre-

cisely what papers, as by describing the act as a theft he must be presumed to have charged it in respect to papers that could be the subject of larceny.

That it was, therefore, unnecessary to decide whether a will could be the subject of larceny.

That the words charged a crime and were slanderous, *per se*, under the provisions of sections 110, 528 and 718 of the Penal Code. It is not essential to constitute slander that the charge must be of an offense at common law, but it is sufficient that the charge, if true, would subject the party slandered to indictment,

That the court had the power to allow the amendment, as it related to the subject-matter under investigation, and did not seek to set up a new cause of action, or refer to any other occasion or charge than that described in the complaint.

APPEAL by the defendant from a judgment in favor of the plaintiff entered on the verdict of a jury on April 10, 1888, in the office of the clerk of Westchester county; and, also, from an order denying a motion for a new trial made upon the minutes of the justice presiding at the trial.

*Francis Larkin*, for the appellant.

*Seaman Miller*, for the respondent.

PRATT, J.:

This is an action for slander. The complaint charges that defendant uttered the following words concerning the plaintiff: "He and Steve got my nephew, whom I left in charge of the house, drunk; and they went through the house and stole my sister, Elizabeth's will and other papers." On the trial the plaintiff was permitted to amend by adding after the word "stole" the words "and destroyed," to which exception was taken. We think the complaint was sufficient without the amendment. The defendant characterized the act as larceny, and by including the words "other papers" with the word "will," it is plain that if a larceny can be predicated upon the felonious taking of any papers the charge was complete. It was not necessary that the defendant should specify precisely what papers, as by describing the act as a theft he must be presumed to have charged it in respect to papers that could be the subject of larceny. It is not, therefore, necessary to decide whether a will can never be the subject of larceny, as the charge included other property; and, by not so far explaining as to show that the act charged referred to papers that could not be the subject of larceny, the defendant did charge the plaintiff with a crime. It is claimed,

however, that the verdict was rendered under the judge's charge for words imputing another offense which had been added to the complaint upon the trial.

The action was brought for words spoken upon a certain occasion stated in the complaint. The amendment related to the subject-matter under investigation. It did not seek to set up a new cause of action, or refer to any other occasion or charge than that described in the complaint. The reason why amendments which change the cause of action are not permitted upon the trial is that a party may be surprised and unable to meet the changed aspect of the case. The reason of the rule fails in this case as no surprise could be claimed by defendant; but under section 723 of the Code of Civil Procedure the court had the power, and properly exercised its discretion, to allow the amendment. It is not essential, to constitute slander, that the charge must be of an offense at common law; it is sufficient that the charge, if true, would subject the party slandered to indictment. By reading sections 110, 528 and 718 of the Penal Code, it is clear that the words charged a crime and were slanderous, *per se.*

The verdict is fully sustained by the evidence, and the judgment must be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.