CONSTANCE B. PRICE, Respondent, *v.* STEPHEN BROWN et al., as Executors, etc., Appellants.

Where, upon trial before a referee of an action to recover a balance of trust funds alleged to have been in the hands of defendant's testator at the time of his death, the referee allowed an amendment of the complaint by striking out a credit given by mistake and increasing the amount claimed, and where the judgment entered upon the referee's report was reversed and a new trial granted, *held*, that the new trial, in the absence of any order or direction otherwise, was necessarily upon the amended pleadings; also, that the amendment did not introduce a new cause of action and was within the discretion of the referee.

(Argued December 4, 1888; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 17, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover, among other things, the balance of a trust fund alleged to have been in the hands of defendant's testator at the time of his death. The case was tried by a referee who, upon the trial, allowed an amendment of the complaint in the particular hereafter stated. Judgment was rendered for plaintiff, which, on appeal, was reversed and a new trial granted. The second trial was by a jury.

The following is an extract from the opinion:

" 1. It is claimed that the court erred in directing the trial to proceed upon the pleadings as amended. The plaintiff originally claimed of defendants, the executors of Price, the whole sum of $11,500, United States bonds, represented by her as having been held by Price as her trustee. An action was then pending against Roessles and others, in which she claimed that $10,000 of the trust fund had been loaned by Price upon the mortgage executed to him by Roessles, and which she sought to follow and obtain as a part of that security. She, therefore, sued for the balance of $1,500, but alleging in the complaint a trust in the whole sum and crediting the $10,000 as involved in the mortgage action. In that action a judgment was rendered sustaining her claim upon the mortgage to the extent of $5,000, but disallowing it for the larger amount claimed. She chose to accept that decision as final, and not to appeal from it, and thereupon moved, on affidavits before the referee in this action, to amend her complaint by striking out $5,000 of the credit given through mistake, and thereby increasing the balance claimed. The referee granted the order upon condition of the payment of costs and the execution by plaintiff of a stipulation in writing which made the judgment in the mortgage action, as to the $5,000 disallowed, final and conclusive upon her. She accepted the conditions and the amendment was made, and upon the trial which followed the plaintiff recovered. The defendants appealed from the

judgment and it was reversed and a new trial granted. That new trial was necessarily upon the existing pleadings unless the court otherwise ordered. It could have reversed the order granting the amendment and confined the new trial to the original issues, but it did not. If the order was reviewed, it was allowed to stand, and was not reversed; if it was not reviewed, it was because the defendants did not raise the question. We think, as did the General Term on the last appeal, that the amendment did not introduce a new cause of action, and so was within the discretion of the referee. The amount sought to be recovered was increased by the withdrawal of a credit given by mistake, the explanation of which was reasonable and satisfactory. The case, therefore, properly went to trial upon the amended pleadings."

*Nathaniel C. Moak* for appellants.

*John L. Hill* and *George H. Starr* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.