## WILSON v. TOWN OF SPAFFORD.

### (Supreme Court, General Term, Fourth Department. July 1, 1890.)

**1. PLEADING—AMENDMENT—CHANGING CAUSE OF ACTION.**
In an action against a town for personal injuries resulting from a highway alleged to have been negligently obstructed by the town, plaintiff, at the close of his evidence, may amend his complaint so as to conform to the proof, which shows the negligence to have been that of the commissioner of highways, as such amendment does not change his cause of action.

**2. HIGHWAYS—OBSTRUCTIONS—INJURIES RESULTING—INSTRUCTIONS.**
Where the alleged negligence consists in obstructing the highway with a pile of stones calculated to frighten horses, and to render driving on the highway dangerous, an instruction that, to warrant a finding of negligence, the stones must have been so placed as "necessarily" to frighten horses, is properly refused, as the town is liable if that result would naturally and probably follow from the commissioner's neglect to remove them.

**3. SAME—EVIDENCE.**
Evidence that other horses had been frightened by the same stones at about the time of the accident is admissible as bearing on the question whether or not the stones were calculated to frighten horses.

**4. SAME.**
Evidence that plaintiff's horse shied on being driven past the stones the day following the accident is admissible in rebuttal of defendant's evidence that the accident occurred by reason of the horse's having been frightened by something else, after having passed the stones.

Appeal from Onondaga county court.

Action by Samuel Wilson against the town of Spafford for personal injuries resulting from an obstruction in the highway. There was a verdict for plaintiff for $646.69 damages and costs. From a judgment thereon, and from an order denying defendant's motion for a new trial on the judge's minutes, as well as an order denying its motion for a new trial on the ground of newly-discovered evidence, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*William G. Tracy,* for appellant. *Baldwin & Kennedy,* for respondent.

MARTIN, J. While the plaintiff was driving on one of the highways of the town against which this action was brought, his horse backed off a bank at the side, and the plaintiff was injured. This action was tried upon the theory that the horse became frightened at a row of stones that had been placed in the highway, which were negligently permitted to remain there by the commissioner of highways of the defendant after he had notice that they were there, and of their liability to occasion injury to travelers by frightening their horses. The plaintiff's action was based on the negligence of the commissioner. The evidence given by the plaintiff tended to show that the commissioner was negligent in not removing the stones from the highway after being notified that they were there, and that they would naturally and probably frighten passing teams, and that by reason of such negligence the plaintiff was injured. The defendant's proof tended to show that the stones were not such as would probably or naturally frighten horses, and that the plaintiff's horse was not frightened at them, but backed off the highway from some other cause. The defendant also claimed that the plaintiff was guilty of contributory negligence. The jury found for the plaintiff, thus, in effect, deciding that the commissioner of highways was negligent, that such negligence caused the plaintiff's injury, and that the plaintiff was free from contributory

negligence. We think the evidence upon those questions was sufficient to require their submission to the jury, and to sustain its verdict; and hence we find no error in the denial of the plaintiff's motion for a nonsuit, so far as it was based upon the ground of the insufficiency of the plaintiff's evidence to establish negligence on the part of the commissioner, or absence of contributory negligence by plaintiff.

In his complaint the plaintiff, in substance, alleged that the defendant, by its officers, obstructed the highway in question, and permitted and suffered it to be obstructed, by stones which were calculated to frighten horses, and render driving with horses thereon dangerous. When the plaintiff rested the defendant moved for a nonsuit on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action; that the negligence alleged was that of the town, while the negligence proved, and the only negligence which could sustain a recovery against the town, was the negligence of the commissioner. The court thereupon permitted the plaintiff to amend his complaint by specifically alleging the negligence of the commissioner, and the defendant excepted. We do not think this exception well taken. The power of the court to allow the amendment was unlimited, except it could not permit the plaintiff to bring a new cause of action. We do not think the amendment allowed had that effect. It in no way changed the cause of action. The original action was negligence. It was against the town for the negligence of its officers. The amendment merely allowed the plaintiff to allege the negligence of the commissioner, instead of resting upon the general allegation of negligence in the officers of the defendant. We think the court had power to allow this amendment, and that it was properly allowed. *Woolsey* v. *Village of Rondout*, 4 Abb. Dec. 639; *Reeder* v. *Sayre*, 70 N. Y. 180; *Harris* v. *Tumbridge*, 83 N. Y. 92; *Price* v. *Brown*, 98 N. Y. 388; *Benson* v. *McNamee*, 46 Hun, 681; *Avery* v. *Railroad Co.*, 106 N. Y. 142, 12 N. E. Rep. 619; *Davis* v. *Railroad Co.*, 110 N. Y. 646, 17 N. E. Rep. 733.

We find no error in the refusal of the court to charge "that, in order to find the commissioner guilty of negligence, they must find that the stones as placed would necessarily frighten horses to such an extent that it would make the road dangerous and unsafe to travel." If the natural and probable consequence of the omission of the commissioner to remove these stones was that horses would become frightened, and injury would follow as a result, it was negligence in the commissioner not to remove them. We think the request was too broad, and that it was not error for the court to decline to charge as requested.

On the day following the plaintiff's injury, Dr. Bliss passed the place where the injury occurred. He was called as a witness in the case by the plaintiff, and asked the following question: "In driving down did your horse notice the stone?" This question was objected to as incompetent and immaterial. The objection was overruled, and the defendant excepted. The witness then answered: "Yes, sir; my horse was frightened." The court also permitted the plaintiff to prove by the witness Hart that he drove the horse, which the plaintiff was driving when injured, past these stones on the next day, and that it shied. This was objected to as incompetent and immaterial. The objection was overruled, and the defendant excepted. The appellant claims that these rulings were erroneous. Proof that other horses were frightened there at about the same time, while the stones were in the same condition as when the plaintiff's horse was frightened, seems to be justified by the doctrine of the cases of *Quinlan* v. *Utica*, 74 N. Y. 603; *Pomfrey* v. *Saratoga Springs*, 104 N. Y. 469, 11 N. E. Rep. 43; and *Masters* v. *City of Troy*, 3 N. Y. Supp. 450. In the cases cited, it was held that proof that other persons had fallen on the walk at the place where the plaintiff was injured was admissible to show the condition of the walk. In the case at bar, there were stones in the highway,

which the plaintiff claimed had frightened his horse. Proof that other horses were frightened at them at about the same time was evidence as to the character of the stones, and whether they were calculated to frighten horses. In *Stewart* v. *Manufacturing Co.*, 13 N. Y. St. Rep. 221, it was said by FOLLETT, J., in delivering the opinion of this court, that "the fact that, within a month prior to the time when the plaintiff's horses were frightened, other horses were frightened by boilers lying in the same place, was relevant." We think the court committed no error in admitting this evidence. Moreover, the evidence of the witness Hart as to the horse having shied the next day was also admissible upon another ground. The defendant's evidence tended to show that the plaintiff's horse was not afraid of the stones, but that the accident was caused by its backing off of the bank after it had passed them. The plaintiff had the right, we think, to rebut this evidence, and corroborate the evidence of his witnesses, by showing that the horse was afraid of them. While the evidence was not relevant upon that theory when offered, yet, it having become so by the subsequent course of the defense, the defendant cannot complain. *Stewart* v. *Manufacturing Co., supra.*

We have examined the other exceptions of the defendant in the case, but have found none requiring special discussion. We think the verdict was sustained by the evidence, and that there were no errors committed on the trial that would justify a reversal of the judgment. The judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs. An examination of the papers and affidavits read on the motion for a new trial on the ground of newly-discovered evidence has led us to the conclusion that the court committed no error in denying the motion for a new trial on that ground, and that the order should be affirmed. Judgment and orders affirmed, with costs. All concur.