McAdam, J.
The action is brought under the statute to recover damages for the killing of the plaintiff’s child by the defendant’s negligence. The statute gives the right of action to the legal representatives or next of kin. Code, § 1902. The suit was not brought by the executor or administrator of the decedent, but by the mother, for loss of services. The plaintiff in her complaint alleged that “the plaintiff is the mother and only surviving parent of Isidor Richmond, an infant of the age of sixteen years.” The accident occurred on March 28, 1892, and the action was commenced June 29, 1892. Upon the trial the defendant moved to dismiss the complaint, because there was no allegation therein that the plaintiff was the sole surviving parent of the infant at the time of the accident; that the right of action, therefore, belonged presumably to the father, as next of kin, and not to the mother; and there was no allegation in the complaint showing that the father was dead at that time. Geraghty v. New, 57 St. Rep. 497; S. C., 27 N. Y. Supp. 403. The plaintiff thereupon moved to amend the complaint on terms, so that the paragraph before referred to should read as follows . That “the plaintiff is, and was at all the times hereinafter mentioned,, the mother and only surviving parent of Isidor Richmond, an infant of the age of sixteen years, and entitled now and at all of said times to his services.” The motion was denied by the court, “on the sole ground that it had not power to grant an' amendment which would make a cause of action in a complaint where none had been stated.” To this ruling the plaintiff duly excepted. The complaint was thereupon dismissed, and from the judgment entered on such dismissal this appeal is taken. If the court below had denied the motion in the *630 exercise of its discretion, the judgment would have to be affirmed in case the general term deemed the discretion well exercised. The motion, however, was not so denied, but solely upon the ground that the court had no power to allow the amendment, so that the 'discretion of the court as to the propriety of the amendment was never called into operation. The only question therefore before us is, whether the court had the power ; and we are of opinion that it had. Code, § 723. The only limitation upon the power to amend at the trial is, that a new cause of action shall not be substituted for the old one. Price v. Brown, 98 N. Y. 388; Buck v. Barker, 5 St. Rep. 826; Avery v. N. Y. C. & H. R. R. R. Co., 106 N. Y. 142; 8 St. Rep. 612; Price v. Brown, 112 N. Y. 677; 21 St. Rep. 573 ; Collyer v. Collyer, 50 Hun, 422; 21 St. Rep. 118. The amendment did not propose to insert anew clause of action, but simply to supply an omission in the allegations of the one already alleged. It was practically correcting, the grammar of the complaint by using the past instead of the present tense. When the plaintiff alleged that she is the mother and only surviving parent of the infant, this evidently had reference to the occurrence of the accident, and if the word “was” instead of “is” had been used, the complaint by every reasonable intendment might have been deemed sufficient. So that, even if the court below had exercised its discretion by denying the application, it might- not have been considered well exercised. But the court put its refusal upon the specific ground of “want of powerand that phase of the question is the only one before us'for review. Where applications are denied on the sole ground of “want of power,” they are generally reviewable even by the court of appeals? but in the case of a discretion exercised by the trial court and sustained by the general term, the party is not as of right, entitled to have the discretion reviewed in that court, unless it has been abused. In re Holbrook, 99 N. Y. 539, and kindred cases.
In Tilton v. Beecher, 59 N. Y. at p. 180, the court said: “ The only question arising upon the present appeal, which is reviewable in this court, is whether or not tbe court below had power to grant the application of the defendant. It it possessed that power, and under the mistaken impression that tbe power did not exist, denied the application on that ground, we have jurisdiction, and it is our duty to correct that error of law and remit the case to1 the court below, with a discretion that the motion be heard at special term upon the merits. People v. N. Y. Central R. R. Co., 29 N. Y. 418; Brown v. Brown, 58 N. Y. 609 The first point for our consideration is, whether in fact the case was disposed of in the court below on the question of power. If it was,-we are then called upon to decide whether or not the power existed, and if we find that it did, the defendant is. entitled to the unembarrassed exercise of the discretion of the court in which his cause is pending upon the question whether or not justice demands that his application be granted. * * * Whether in the exercise of its discretion it should grant or refuse the order applied for we are not to decide.' All that we decide is that it has the power, if it sees fit, to order particulars to be furnished, and in deciding that it has *631 not such power, it committed an error at law, which requires us to reverse its decision." If the court below had not decided that it was without power to grant the amendment, it might, and probably would, have allowed the same upon terms, such as the payment of reasonable costs, and, if necessary to prevent surprise, the withdrawal of a juror and the putting of the case over the term; all of which would have prevented injustice of any kind to the defendant; but these considerations were not entertained because of the supposed want of authority to grant the motion. It may be proper in passing to call attention to the circumstance, that the accident occurred in March, 1892, and by the statute, Code, § 1902, the remedy accorded must be invoked with two years after the decedent’s death. The two years having expired, "the plaintiff will be remediless unless relief is afforded her in this action, and upon the present appeal
The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Freedman, P. J., and Gildersleeve, J., concur.