,(9 Misc. Rep. 355.)

### RICHMOND v. SECOND AVE. R. CO.

(Superior Court of New York City, General Term. July 2, 1894.)

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.
   Where a complaint by a mother for loss of the services of her infant child fails to allege that she was the only surviving parent of the child at the time it was injured, so as to show that she was entitled to its services (Geraghty v. New, 27 N. Y. Supp. 403), an amendment by inserting such allegation does not set up a new cause of action.

:2. APPEAL—MATTER OF DISCRETION OR POWER.
   Refusal to allow an amendment of a pleading, not as a matter of discretion, but on the ground that it was not within the power of the court, is reviewable.

Appeal from jury term.

Action by Bessie Richmond against Second Avenue Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

· Guggenheimer & Untermyer, for appellant.

Merrill & Rogers, for respondent.

McADAM, J. The action is brought under the statute to recover damages for the killing of the plaintiff's child by the defendant's negligence. The statute gives the right of action to the legal representatives or next of kin. Code, § 1902. The suit was not brought by the executor or administrator of the decedent, but by the mother, for loss of services. The plaintiff, in her complaint, alleged that "the plaintiff is the mother and only surviving parent of Isidor Richmond, an infant of the age of sixteen years." The accident occurred on March 28, 1892, and the action was commenced June 29, 1892. Upon the trial the defendant moved to dismiss the complaint because there was no allegation therein that the plaintiff was the sole surviving parent of the infant at the time of the accident; that the right of action, therefore, belonged presumably to the father, as next of kin, and not to the mother, and there was no allegation in the complaint showing that the father was dead at that time. Geraghty v. New (Com. Pl. N. Y.) 27 N. Y. Supp. 403. The plaintiff thereupon moved to amend the

complaint on terms, so that the paragraph before referred to should read as follows: That "the plaintiff is, and was at all the times hereinafter mentioned, the mother and only surviving parent of Isidor Richmond, an infant of the age of sixteen years, and entitled, now and at all of said times, to his services." The motion was denied by the court "on the sole ground that it had not power to grant an amendment which would make a cause of action in a complaint where none had been stated." To this ruling the plaintiff duly excepted. The complaint was thereupon dismissed, and from the judgment entered on such dismissal this appeal is taken.

If the court below had denied the motion in the exercise of its discretion, the judgment would have to be affirmed, in case the general term deemed the discretion well exercised. The motion, however, was not so denied, but solely upon the ground that the court had no power to allow the amendment; so that the discretion of the court as to the propriety of the amendment was never called into operation. The only question, therefore, before us, is whether the court had the power, and we are of opinion that it had. Code, § 723. The only limitation upon the power to amend at the trial is that a new cause of action shall not be substituted for the old one. Price v. Brown, 98 N. Y. 388; Buck v. Barker, 5 N. Y. St. Rep. 826; Avery v. Railroad Co., 106 N. Y. 142, 12 N. E. 619; Price v. Brown, 112 N. Y. 677, 20 N. E. 381; Collyer v. Collyer, 50 Hun, 422, 3 N. Y. Supp. 310. The amendment did not propose to insert a new cause of action, but simply to supply an omission in the allegations of the one already alleged. It was practically correcting the grammar of the complaint, by using the past, instead of the present, tense. When the plaintiff alleged that she "is" the mother and only surviving parent of the infant, this evidently had reference to the occurrence of the accident; and if the word "was," instead of "is," had been used, the complaint, by every reasonable intendment, might have been deemed sufficient. So that, even if the court below had exercised its discretion by denying the application, it might not have been considered well exercised. But the court put its refusal upon the specific ground of "want of power," and that phase of the question is the only one before us for review. Where applications are denied on the sole ground of "want of power," they are generally reviewable, even by the court of appeals; but in the case of a discretion exercised by the trial court, and sustained by the general term, the party is not, as of right, entitled to have the discretion reviewed in that court, unless it has been abused. In re Holbrooke, 99 N. Y. 539, 2 N. E. 887, and kindred cases. In Tilton v. Beecher, 59 N. Y. 180, the court said:

"The only question arising upon the present appeal, which is reviewable in this court, is whether or not the court below had power to grant the application of the defendant. If it possessed that power, and, under the mistaken impression that the power did not exist, denied the application on that ground, we have jurisdiction; and it is our duty to correct that error of law, and remit the case to the court below, with a direction that the motion be heard at special term upon the merits. People v. New York Cent. R. Co., 29 N. Y. 418; Brown v. Brown, 58 N. Y. 609. * * * The first point for our consideration is whether, in fact, the case was disposed of in the court

below on the question of power. If it was, we are then called upon to decide whether or not the power existed, and, if we find that it did, the defendant is entitled to the unembarrassed exercise of the discretion of the court in which his cause is pending, upon the question whether or not justice demands that his application be granted. * * * Whether, in the exercise of its discretion, it should grant or refuse the order applied for, we are not to decide. All that we decide is that it has the power, if it sees fit, to order particulars to be furnished, and, in deciding that it has not such power, it committed an error at law, which requires us to reverse its decision."

If the court below had not decided that it was without power to grant the amendment, it might, and probably would, have allowed the same upon terms, such as the payment of reasonable costs, and, if necessary to prevent surprise, the withdrawal of a juror, and the putting of the case over the term, all of which would have prevented injustice of any kind to the defendant; but these considerations were not entertained, because of the supposed want of authority to grant the motion.

It may be proper, in passing, to call attention to the circumstance that the accident occurred in March, 1892, and by the statute (Code, § 1902) the remedy accorded must be invoked within two years after the decedent's death. The two years having expired, the plaintiff will be remediless, unless relief is afforded her in this action, and upon the present appeal. The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.