BOSTON NATIONAL BANK, RESPONDENT, *v.* PAUL J. ARMOUR AND CHARLES W. ARMOUR, APPELLANTS.

*Service of a copy of a verified complaint which states a date different from that stated in the original — the court has no power to change the date — the remedy of the party stated.*

Where the copy of a complaint served upon a defendant correctly states a date, incorrectly stated in the original complaint, the remedy of the defendant must necessarily be either to strike from the records the original complaint, upon the ground that no copy of that complaint was served, or to set aside the service of the complaint upon the ground that no copy of the original has ever been served. The court has no power to interpolate anything into an affidavit or sworn complaint.

APPEAL from an order made in the county of New York on the 26th day of September, 1888, denying defendants' motion for an order directing the clerk of this court to change the date " July 23, 1886," in the fifth paragraph of plaintiff's original verified complaint, to " July 25, 1886."

The original complaint, as verified, states in the third paragraph that the notes in suit were sold to the plaintiff by the defendants on July 24, 1886, and in the fifth paragraph it states correctly " that on July 23, 1886, the day preceding the sale by the defendants of

the said notes to this plaintiff, the said Martin Kalbfleisch's Sons had stopped payment, and their paper had been protested at the New York banks."

In the sixth paragraph it states that the failure of Kalbfleisch's Sons was known to defendants at the time of the sale, and that it was intentionally concealed for the purpose of defrauding the plaintiff. The copy complaint served upon the defendants is an exact copy of the original in all respects, except that it states the date of suspension of Kalbfleisch's Sons as " July twenty-fifth," describing it, however, as " the day preceding the sale." The defendants demurred to the complaint and their demurrer was overruled. An interlocutory judgment overruling defendants' demurrer was entered May 7, 1888, and the original complaint was then filed and made part of the record. The defendants' motion was to correct the record by changing the statement in the complaint (which was verified by the plaintiff) so that it should conform to the statement in the copy served.

*C. B. Smith*, for the appellants.

*Wm. E. Stiger*, for the respondent.

VAN BRUNT, P. J. :

It seems to us apparent that the court has no power to interpolate anything in an affidavit or sworn complaint. Such a proceeding would be falsifying the oath of the party swearing to the affidavit or pleading.

It may be true that the plaintiff might be held to the pleading served, but such obligation is to be enforced by another and very different method. The remedy necessarily must be either to strike from the records the original complaint, upon the ground that no copy of that complaint has been served, or to set aside the service of the complaint upon the ground that no copy of the original has ever been served. Relief of this character is so distinct from that asked for, that under the general prayer for relief, such relief should not have been granted. Under a general prayer for relief upon a motion, every possible relief should not be granted, but it should be allied to what is asked for and not entirely distinct therefrom.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BRADY and MACOMBER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.