Barker, P. J., (after stating the facts as above.)
The appellant insists that the referee had no power to allow the defendants to amend their answer on the trial in the respect granted, and that the exception to such allowance was well taken. The argument offered in support of the plaintiff’s position is that the original answer upon which the parties went to trial before the ref■eree, did not in legal effect deny the contract as set out in the complaint, and that the making of the same was a fact admitted. If the answer is susceptible of such construction, then by the amendment a new issue was introduced, which the referee had no power to allow. A denial of the cause of action ■sued upon by amendment, on the trial, does substantially change the defense. When the plaintiff’s alleged cause of action is not put in issue by the answer, no greater surprise could occur to him after the trial had commenced than to require him, by an amendment of the answer, to make proof of his cause of action. Code Civil Proc. §§ 539, 723; Price v. Brown, 98 N. Y. 388. We are inclined to the opinion that the original answer did, by fair construction ■of its language, put in issue the averment of the complaint that the defendants made and entered into the contract as stated therein. It is a fundamental rule of pleading, which prevails now, as it did before the adoption of the Code, that if a party wishes to traverse a fact alleged in the pleading which he is called upon to answer, he must deny the same in plain and unambiguous terms. If by the form of the denial used it is left in doubt whether the party intends to dispute the fact charged, or only the circumstances “attending the fact against him, as, for instance, the time and place of making a contract set up in the pleadings, and not the making of a contract of the form and substance of the one alleged, it is a bad or defective answer, for the reason that, in legal phrase, it is pregnant with the admission that the fact alleged is in part true. In the case before us the complaint sets forth, in a separate paragraph, the terms of the alleged agreement. The defendants’ answer, in terms, denies that they entered into an agreement with the plaintiff whereby it was agreed that the said plaintiff should cause said apparatus described in said letters patent to be placed in the brewery of said defendants for the use •of said defendants, and that they agreed to pay for the use of said apparatus the sum of three cents, as royalty, for each barrel of beer manufactured by them, which is, in effect, a denial of the terms of the contract as set forth in the complaint. If the words of the complaint setting forth the alleged contract had been copied in the answer, and it then denied that the defendants made such an agreement, it would have constituted a complete denial of the plaintiff’s alleged cause of action, and we think that such was the effect of the form of the answer adopted. The denial is as broad as the averment. The answer is, in-its form and effect, similar to the old pleading of general issue, where, in an action of debt, the plea w'as that the defendant does not owe the sum of money demanded, or any part thereof, in manner and form, as the said plaintiff hath above complained against him. Ambiguity in pleading always constitutes a fault, and, when that is the only objection to be urged against the pleading, then the party affected thereby, and who is in doubt as to its meaning, may require by a motion that the pleading be made more certain and definite, as provided by the Code and the rules and practice of the court. In section 546 it is provided, where one or more denials or allegations contained in a pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain by amendment. That the answer does deny that the defendants did make a contract containing all the terms and provisions as set out in the complaint, is admitted by the learned counsel for the appellant; for his argument is that the answer constitutes a nega. five pregnant, which is an admission by the pleader that the averment to *612 which the answer related is in part true, or is not all false. As it is manifest that the defendants intended to deny some of the averments relative to the making of the contract, we think the plaintiff’s proper remedy was by motion to have the answer made more definite and certain; and, as that mode of relief was not resorted to, we think the referee had the power to allow the amendment, under the provisions of sections 539 and 723. As there was a manifest intention on the part of the defendants to deny the making of the agreement as set forth in the complaint, we are of the opinion that by allowing the answer to be amended no new defense was interposed thereby.
After a perusal of the evidence, we see no reason for interfering with the referee’s conclusions as to what were the terms of the agreement under which the plaintiff placed its apparatus in the defendants’ brewery for their use. Evidence was given on both sides of the dispute, and none of the witnesses who testified relative to the terms of the contract were disinterested. The referee was better qualified than we are to decide which was most entitled to credit. Judgment affirmed. All concur.