### EAST RIVER NAT. BANK et al. v. ADAMS et al.

*(Supreme Court, General Term, First Department. January 28, 1889.)*

ASSIGNMENT FOR THE BENEFIT OF CREDITORS—ACTION TO SET ASIDE—VARIANCE.

A general assignment for the benefit of creditors preferred a debt alleged to be due the assignee. A complaint to set it aside as intended to defraud creditors alleged that the debt was usurious and void, and that before the assignment an agreement was made between the assignor and assignee whereby the latter was to be made assignee, and his debt preferred, in case an assignment should be made, and that the assignor had, pursuant to that agreement, and before the assignment, transferred all his book-accounts to the assignee, to secure moneys advanced or to be advanced by the latter, and that both the transfer of the accounts and the assignments were made to carry out the usurious agreement mentioned. There was evidence from which the court found as a fact that the assignee, at the time of accepting the assignment, received the book-accounts as collateral security for his preferred debt. *Held,* that there was a fatal variance between the complaint and the facts proved, and, under Code Civil Proc. N. Y. § 1207, judgment for plaintiff could not be rendered thereon, as a judgment is thereby required to be consistent with the case made by the complaint and embraced within the issue.

Appeal from special term, New York county.

Action by the East River National Bank and George Leask and Julian W. Robbins, partners in banking under the firm name of George Leask & Co., against Union Adams, Charlotte Adams, and Justus O. Woods, to set aside as fraudulent a general assignment made by said Union Adams to his co-defendant Woods. Said assignment contained preferences of debts due Mrs. Adams, wife of the assignor, and the assignee. There was a judgment for plaintiffs, and defendants Adams and wife and Woods separately appeal.

Argued before VAN BRUNT, P. J., and MACOMBER and BRADY, JJ.

*George Hill,* for appellants Adams and wife. *Henry Stanton,* for appellant Woods. *Edgar A. Turrel,* (*E. Ellery Anderson,* of counsel,) for respondents.

MACOMBER, J. If the judgment can be maintained, it must be done in pursuance of the fifth finding of the learned trial judge, which is, in substance, that, at the time of making the general assignment for the benefit of creditors, the defendant Union Adams, the assignor, and the defendant Woods, the assignee, made an agreement by which Woods was to be preferred in the assignment for $5,775.80, with interest, and that he (Woods) should hold the balance of the accounts which had previously been assigned to him by Union Adams, and which remained uncollected, (which said previous assignment of accounts was a sham,) as collateral security for the payment of the sum so mentioned in the assignment as such preference. In brief, it is found as a fact that the assignee, who was a preferred creditor, received at the time of accepting the assignment certain book-accounts as collateral security for the payment of such preferred debt. If this finding were supported by the allegation in the complaint and by the evidence, the conclusion mentioned in the eighth finding of the decision, to the effect that such assignment was made with the intent to hinder, delay, and defraud the creditors of said Adams, would be irresistible. The question, therefore, is: Was there competent evidence, following proper pleadings, to justify this conclusion? It is noticeable that no facts are alleged in the complaint of the nature mentioned in the findings of the trial judge. It is not necessary to pause to inquire whether,

under a general allegation of fraud, this evidence would have been admissible, because the plaintiffs have chosen to put their case upon five specific and well-defined particulars, and, in the absence of a general allegation of fraud, they cannot be permitted to give evidence of other specific fraudulent acts in order to defeat the assignment.

The particulars named in the complaint by which they seek to set aside the assignment as fraudulent and void are: *First*. That the assignment was not accompanied by an immediate and continued change of possession of the property of the assignor. *Secondly*. That the assignor omitted from the schedules of his assets and liabilities certain patterns which he owned, and which were valuable, and which ought to have gone among the assets. *Third*. That the pretended indebtedness to Charlotte Adams, wife of the assignor, was fictitious, and that no such indebtedness existed. *Fourth*. That the indebtedness of $5,775.80 alleged to be owing to the defendant Woods, the assignee, and which was also preferred, was usurious and void, and that these parties made an agreement that, in the event of said Adams assigning his property for the benefit of creditors, he, the said Adams, should prefer the said Woods as a creditor, and make him his assignee; and, in pursuance of which, some time before the making of the assignment, the said Adams did assign all of his book-accounts, of the value of $2,804.45, to the said Woods as security for moneys advanced or to be advanced to said Union Adams. *Fifth*. That the said general assignment, and the previous assignment of the book-accounts, above mentioned, were made in pursuance and confirmation of several previous corrupt and usurious agreements between these parties for the loan of moneys by the said Woods to the said Adams, and for the forbearance of the same at an usurious rate of interest, to-wit, 12 per cent. per annum. All of these allegations were put in issue, except that it was admitted that Adams had assigned to Woods, previous to the general assignment for the benefit of creditors, certain book-accounts belonging to said Adams. The evidence is uniform that Woods was a creditor for the full amount which he claimed of Adams, and that he had received from Adams an assignment of the book-accounts, and that Adams, still conducting the business, was permitted to collect those accounts, and that he had, at the time of the making of the general assignment, collected a good part of them. The trial judge found as a fact that Mr. Adams collected $3,571.36 as the agent of Woods, and that he was in fact indebted to Woods in that amount of money. It appears, therefore, that Mr. Woods was a *bona fide* creditor of Adams in the last-named sum.

The case is devoid of any evidence to show that there was any fraudulent intent on the part of Adams to prefer the defendant Woods beyond the amount which was actually owing him, although it is obvious that it was the intention of both parties that Woods should be preferred to the full amount of the money which Adams had taken into his own hands, and which he should have turned over to Mr. Woods before the general assignment. It is abundantly established that Woods was a large creditor, and that the assigned accounts were intended in good faith by both parties to secure him. There is no evidence that Woods did not regard the assignment of such accounts as valid. If there was any element of usury in the transaction,—if Woods exacted and demanded a greater interest than the statute permits,—it was a defense available only to the debtor, and cannot be raised in this manner by creditors. That the case presented by the evidence, mainly that of the defendant Woods himself, is essentially different from the one which these several defendants were called upon to answer, is plain. Objection was timely taken to the evidence as being immaterial and incompetent under the pleadings, and at the conclusion of the plaintiffs' case a motion was made to strike out everything in the testimony which went to prove any fact concerning the claim of Mr. Woods, except that it was usurious, as immaterial, irrelevant,

and not within the issues raised by the pleadings. No order was made amending the complaint to conform to the proof, nor was any request made by the plaintiffs' counsel to that end.

Under these circumstances, it appears that there was a fatal variance between the pleadings and the proof. If a plaintiff fails to prove the cause of action set up in his complaint, and the objection is raised at the trial, and no amendment is asked for or ordered, a judgment in the plaintiff's favor upon a cause of action entirely separate and distinct from that alleged cannot be sustained on appeal, nor have we, on an appeal from the judgment, power now to conform the pleadings to the proof. *Southwick* v. *Bank*, 84 N. Y. 420.

The facts constituting the cause of action were plainly and concisely stated in the complaint, but no evidence has been given to establish either of them, except the allegation of usury in the indebtedness owing to Mr. Woods. The defect, in this instance, was timely pointed out at the trial. Should the judgment entered upon the findings above mentioned be permitted to stand, it would appear that the claim of the plaintiff, as alleged and as established by the record, had been substantially changed during the trial, without leave granted or asked for, and against objection and exception. This constitutes a failure of proof within the meaning of the Code, and not a mere variance that may be cured upon appeal. The complaint is intended to apprise the adversary distinctly of the ground upon which the right of action is claimed. Under section 1207 of the Code of Civil Procedure, a court may permit a plaintiff to take that judgment only which is consistent with the case made by the complaint and embraced within the issue. For this reason the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.