### Pope *et al. v.* Terre Haute Car & Manuf'g Co.

*(Supreme Court, General Term, First Department.* March 29, 1889.)

Pleading—Amendment—Objection to Jurisdiction.

Where, in an action on a contract, the court of appeals reverses a judgment on the merits in plaintiff's favor because the complaint did not allege when the contract was to be performed, and did not allege performance or an offer to perform within that time, the defendants cannot defeat an application to amend the complaint in these respects by raising the objection that the court is without jurisdiction, for the reasons that the parties are non-residents, and that the cause of action did not arise in this state.

Appeal from special term; New York county.

Action by Thomas J. Pope and James E. Pope against the Terre Haute Car & Manufacturing Company for breach of a contract. A judgment in plaintiffs' favor was reversed by the court of appeals. 13 N. E. Rep. 592. Defendant moved in the special term, at chambers, to dismiss the complaint for want of jurisdiction, which was denied because improperly made, and plaintiffs then moved to amend their complaint in the respects indicated in the opinion of the court of appeals, which motion was granted, and from this order defendant appeals.

Argued before Van Brunt, P. J., and Brady and Daniels, JJ.

*Crane, Lockwood & Fowler, (Stephen O. Lockwood,* of counsel,) for appellant. *Thomas Darlington,* for respondents.

Brady, J. This action has several times been entertained by the court of appeals, the last decision made by that tribunal appearing at page 61 of 107 N. Y., 13 N. E. Rep. 592. The judgment in favor of the plaintiffs was by that adjudication reversed, upon the ground that the complaint did not allege when the contract sued upon was to be performed, and did not allege performance, or offer or tender of performance, within the time,—a decision which induced the application made by the plaintiff to amend the complaint in these respects. The answer made to the application rests chiefly upon the proposition that this court has no jurisdiction of this action, for the reason that the plaintiffs are non-residents and the defendant a foreign corporation, and that the cause of action did not arise in this state. We do not consider it at all necessary to discuss the question of jurisdiction. It is not an answer to such

application as this, especially after the cause has been decided upon the merits in favor of the plaintiff, and appeals have been taken to the court of appeals. The learned judge in the court below properly suggested in the opinion delivered by him upon granting the motion that, if the plaintiffs really had the cause of action which they asserted, it seemed to him that it would be most unjust to prevent them from setting it up, and we concur in this view. The plaintiffs should not be deprived at this stage of the controversy of the right to prosecute their action by the successful interposition of the objection that the court had no jurisdiction. It should not be disposed of upon a motion like this. For these reasons the order appealed from should be affirmed, with $10 costs and the disbursements of the appeal.

VAN BRUNT, P. J., and DANIELS, J., concur.