JAMES COOK, Respondent, *v.* VILLAGE of WATERFORD Appellant.

*N. Y. Supreme Court, Third Department, General Term, July 6, 1889.*

1. *Amemdment. On appeal from justice's court.*—The pleadings, in causes which arise in justice's court, and are appealed to the county court for a new trial, should not be changed in the latter court, unless it is made very clearly to appear from the moving papers that the attainment of substantial justice requires such amendment.

2. *Same. When not granted.*—The party seeking the amendment in such case, is called upon to inform the county court of all the facts, which are necessary to enable that court to determine that substantial justice will be promoted by allowing such amendment, and if he fails to do so, he is not entitled to the relief sought.

Appeal from a county court order denying a motion to amend the answer.

*T. O'Conner*, for appellant.

*C. E. Keach*, for respondent.

INGALLS, J.—We are convinced that the decision denying the motion was right, even though the reason assigned therefor should be regarded of doubtful soundness. The cause had been tried in the justice's court upon the pleadings then interposed by the plaintiff for $150 damages, for an injury to his horse from a fall on the public highway of the defendant, which was, for want of repairs, in an unsafe condition, in consequence of which the horse fell. The cause was appealed to the county court, and a new trial was demanded in that court. The defendant made a motion in that court, at a special term thereof, for leave to amend the answer by setting up a new defense, viz., want of funds in its treasury applicable to repairs upon the highways. It is quite evident that the county court was not required to allow such amendment unless satisfied that substantial justice would be promoted thereby.

The papers upon which the motion was made do not show that the repairs which were necessary to put the highway, where the injury to plaintiff's horse occurred, in a safe condition, required the expenditure of any money whatever. It appears only by the complaint that the horse of the plaintiff while traveling upon such highway, " sunk and fell there." The papers do not show the magnitude or nature of the defect which caused the injury, and if we are to indulge in inferences in regard thereto, we may infer that a slight repair, requiring the use of a little gravel, applied with shovel and hoe, was all that was required to repair the defect, and prevent the injury ; which could obviously have been accomplished without the expenditure of any money. The party seeking the amendment was called upon to inform the county court of all the facts, which were necessary to enable that court, to determine that substantial justice would be promoted by allowing such amendment, which the defendant failed to do, and consequently was not entitled to the relief sought. Again, in causes which arise in justice's court, and are appealed to the county court, where a new

trial is demanded, the pleadings should not be changed in the appellate court, unless it is made very clearly to appear that the attainment of substantial justice requires such amendment, as the successful party in the justice's court, might be subjected to expense and loss in consequence of the change of the issues in the appellate court. We conclude that as the defendant failed to make a case, which called for the amendment sought, the county court administered substantial justice by denying the motion. The order should be affirmed, with costs and disbursements.

LEARNED, P. J., and LANDON, J., concur.