EUNICE HOUSE, Appellant, *v.* ORLANDO HOWELL *et al.*, Respondents.

*Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Ejectment. Sufficient title.*—A vendor, who holds a mere legal title to premises in trust for his vendee or successor, without any equitable right to the possession or equitable interest therein, has no title or right of possession which he can justly assert against his vendee's successor's title.

2. *Pleadings.*—Where an answer has been treated during the trial as sufficient, it may be amended, if necessary, so as to conform it to the proof and to sustain the judgment.

3. *Appeal.*—The admission of incompetent evidence, if not prejudicial to the appellant, does not constitute an error sufficient for reversal.

4. *Evidence. Opinions.*—A witness cannot testify to his understanding of, or conclusions as to, the facts, unless the effect of the question is to inquire for a fact.

5. *Same. Fact.*—Accordingly, where a witness, on her cross-examination, was asked and allowed to answer, against objection, the following question, viz.: " Was there an understanding between you and Wright that he should eventually have a deed of the twenty acres ? " it was

manifest that the word "understanding" in the question was not employed in the sense of calling for her understanding or conclusion as to the facts, but as a synonym of the word "agreement," and that the effect of the question was to inquire for a fact.

Appeal from a judgment entered upon the report of a referee, dismissing the complaint on the merits.

*S. N. & G. S. Dada*, for appellant.

*Howe, Rice & Stranahan*, for respondents.

MARTIN, J.—This action was ejectment. The answer consisted of a general denial, allegations of title in the defendant, Howell to the premises claimed, and that Henry M. Myers was in possession under Howell. The principal question litigated was, whether the plaintiff was the owner and entitled to the possession of the land in question.

On October 1, 1864, the plaintiff became the owner of the premises, and on that day gave a purchase money mortgage for $400, which was a lien thereon and also upon thirty acres adjoining, which were purchased by the plaintiff with the twenty acres in question. The plaintiff went into the possession of the whole, and remained in possession until about April 1, 1876.

In 1875 the plaintiff entered into a verbal agreement with Thomas R. Wright, whereby the plaintiff agreed to sell and convey to Wright the premises in question in consideration of his agreement to pay one-half of said $400 mortgage, and to pay and have satisfied two judgments against the plaintiff, which were also liens upon said premises, one in favor of P. S. Fuller for $172,75, and the other in favor of R. T. Jones for $181,44. The plaintiff was to remove the house from said premises, and Wright was to have the possession of the land after the house was removed.

In April, 1876, the house was removed by plaintiff, and Wright took possession of the land, and he and his grantee have since been in possession thereof. Wright and his

grantee have since paid the taxes thereon, cultivated the premises, built fences thereon, and had the full possession, control and management thereof.

In pursuance of such agreement, Wright duly paid one-half of said mortgage and paid both of said judgments, and, at the request of the plaintiff, had them assigned to himself instead of having them satisfied (fol. 123). The Jones judgment was afterwards satisfied. The Fuller judgment has not been formally satisfied, but there was no evidence that the plaintiff ever requested Wright to satisfy it, or that he refused, but, on the contrary, he testified on the trial that he was ready to do so. In pursuance of the agreement between the plaintiff and Wright, the plaintiff on the 25th day of April, 1883, duly made, executed and acknowledged a warranty deed of said premises to said Wright, but said deed was never delivered by the plaintiff, although it came into Wright's possession at one time.

On July 4, 1888, Wright executed to one George M. Case a mortgage, which included the premises in question, with other lands. This mortgage was afterwards foreclosed, and the mortgaged premises were sold. The defendant, Howell became the purchaser of said premises, including the twenty acres in question. He was a purchaser in good faith and for value. He received a deed therefor from the sheriff of Oswego county, who was duly authorized to make such sale. On April 1, 1886, and after he had become the purchaser of said premises, Howell let the premises in question to the defendant, Henry M. Myers, on shares for one year, and afterwards to the defendants, Henry M. and Charles W. Myers.

Upon these facts the referee held, that while the plaintiff held the naked legal title to the premises, the defendant Howell had a valid equitable title and was entitled to possession, and, therefore, the plaintiff could not maintain this action. We think the evidence fully sustained the conclusions of the referee.

The contract between the plaintiff and Wright was fully performed by him. He paid one-half of the mortgage, and paid the Jones and Fuller judgments. It is true he took an assignment of these judgments instead of having them satisfied, but that was done for the plaintiff, and at her request. One of them he has satisfied, and he is ready and willing to satisfy the other. Wright fully paid the purchase price of the premises, entered into possession, cultivated and improved them, paid the taxes, and treated them in all respects as his own. The plaintiff has received the purchase price which was paid and applied as directed by her, removed the house from said premises, surrendered up the possession to Wright, and made, executed and acknowledged a deed to him of the premises in pursuance of such contract. The only act required to a full and complete execution of the contract, was the delivery of such deed. Thus Wright's equitable title to the premises had become complete. The defendant, Howell, has succeeded to that title under and by virtue of the mortgage given by Wright, its foreclosure and the sale of the premises thereunder, and the purchase thereof by him. The plaintiff held a mere naked legal title to the premises in trust for her vendee, or the successor to his title without any equitable right to the possession or equitable interest therein. Thompson *v.* Smith, 63 N. Y. 303. Surely, the plaintiff had no title or right of possession which she could justly assert as against the defendant, Howell's, equitable title. We think this case was correctly decided, and that the referee properly held that the plaintiff could not recover in this action.

But the plaintiff contends that this defense was not admissible under the pleadings. The defendants, by their answer, denied the plaintiff's ownership of the premises, and her right of possession, and alleged ownership and right of possession, in Howell, and those claiming under him. Under this answer, the defendant proved Howell's equitable

title and possession. This proof was given without objection by the plaintiff as to the sufficiency of the answer. Moreover, the plaintiff expressly requested the referee to find many, if not most of the facts which established Howell's equitable ownership.

During the entire trial the answer seems to have been regarded and treated by the plaintiff as sufficient to test the validity of Howell's equitable title and right of possession. The plaintiff now asks for a reversal of the defendant's judgment on the ground of the insufficiency of the answer. We do not think the judgment should be reversed on that ground. The answer was not as full and complete as it might have been made, but we think it sufficient to uphold the recovery, as no question as to its sufficiency was raised on the trial, or before. If it was not sufficient, then we are of the opinion that the referee had power to permit it to be amended so as to conform to the proof, and that it should be so amended if necessary to sustain the judgment. Code Civ. Pro., §§ 539, 540, 723, 1018 ; Fallon *v.* Lawler, 102 N. Y. 228 ; Knapp *v.* Fowler, 30 Hun, 512–515 ; Wilcox *v.* Onondaga County Savings Bank, 40 Id. 297 ; Cramer *v.* Lovejoy, 41 Id. 581 ; Avery *v.* N. Y. C. H. R. R. Co., 106 N. Y. 142–151 ; Davis *v.* N. Y., L. E. & W. R. R. Co., 110 N. Y. 646 ; Price *v.* Brown, 112 N. Y. 677.

On the trial the plaintiff was sworn as a witness, and on her cross-examination the following question was asked : " Was there an understanding between you and Wright that he should eventually have a deed of the twenty acres ? To this question plaintiff's attorney objected, as tending to prove a verbal contract for the sale of land, which the statute requires to be in writing, as leading, not a cross-examination of plaintiff, and calling for the opinion of the witness as to the effect of a conversation which is not proven. The court overruled the objection and received the evidence called for, as tending to prove the kind of possession that

plaintiff had of the twenty acres in question. To such ruling the plaintiff's attorney duly excepted." Whereupon the witness answered " Yes."

While it must be admitted that the general rule is, that the facts within the knowledge of a witness must be given and that he cannot testify to his understanding of, or conclusion as to the facts, still, in this case, it is quite manifest that the word understanding in the question asked was not employed, or understood by the witness, in the sense of calling for her understanding or conclusion as to the facts, but that it was used as a synonym of the word " agreement," and that the effect of the question was to inquire for a fact, *i. e.*, whether there was an agreement between the plaintiff and Wright that he should eventually have a deed of 20 acres. Thus construed,—and we think such is a fair construction, —the question was clearly proper. De Wolf *v.* Williams, 69 N. Y. 621 ; Sperry *v.* Baldwin, 46 Hun, 120, 128. Moreover, if the referee erred in admitting this evidence, it is extremely difficult to see how the plaintiff was in any way injured by such ruling, as the other evidence in the case, which was wholly uncontradicted, shows that the agreement or understanding testified to existed between the parties. We do not think the admission of the evidence constituted an error for which the judgment should be reversed. Having examined all the questions presented in the appellant's brief, and having found none that require or would justify a reversal of the judgment herein, it follows that the judgment should be affirmed.

Judgment affirmed, with costs.

All concur.