CORN EXCHANGE BANK OF CHICAGO, RESPONDENT, *v.* ALPHONSO W. BLYE, AS RECEIVER OF THE MIDDLETOWN NATIONAL BANK, APPELLANT.

*Judgment in a replevin action, directing the payment of damages not awarded by the verdict — objection thereto not waived by an appeal — the limit of one year is not applicable to the granting of relief in such a case.*

In an action of replevin, brought to obtain the recovery of the possession of certain bonds issued by a manufacturing company, the possession of the bonds was awarded to the plaintiff, and their value, including damages, was fixed by the

verdict of the jury at $25,315.18. The judgment entered thereon provided that the plaintiff should have a delivery of the bonds, and in case a delivery should not be had, that then the plaintiff should recover from the defendant this sum of $25,315.18 as damages, together with the costs of the action; and, further, "that the plaintiff have and recover of the defendant the sum of $2,315.18 damages for the detention of said chattels."

From this judgment an appeal was taken to the General Term, where it was affirmed, and from such judgment of affirmance to the Court of Appeals, where the judgment was also affirmed, but the only question involved in such appeals was as to the right of the plaintiff to the possession of the bonds, and they had no relation to the further direction as to damages for detention not covered by the verdict contained in the judgment.

*Held,* that the direction in the judgment that the plaintiff have and recover from defendant "the sum of $2,315.18 damages for the detention of said chattels" was entirely unauthorized.

That the judgment should be corrected in that respect by striking that provision therefrom.

That the provisions of section 1282 of the Code of Civil Procedure, fixing the time within which a motion may be made to set aside a judgment for irregularity, had no application to this case, as this direction included in the judgment was not simply an irregularity, but was entirely and wholly unauthorized.

APPEAL by the defendants from an order denying a motion to correct the judgment entered in this action, by striking out the recital and provision thereof with reference to damages for detention, entered in the office of the clerk of the county of New York July 5, 1889.

*Elihu Root,* for the appellant.

*L. A. Gould,* for the respondent.

DANIELS, J.:

The action was replevin for the recovery of the possession of bonds issued by the West Point Manufacturing Company, with the coupons thereto attached; and it resulted at the trial in the direction of a verdict for the plaintiff for the recovery of the bonds described in the complaint, except those numbered nine, ten, eleven and twelve. By the verdict, which in this manner was rendered, the possession of the bonds was awarded to the plaintiff, and their value, including damages, was fixed at $25,315.18. And that appears to have followed the proof establishing the amount of the

bonds, together with the coupons or interest warrants which had been attached to them, including thereby all that the plaintiff was entitled to in the action. And the judgment fully carried this verdict into effect. For it adjudged that the plaintiff should have the delivery of the chattels included in the verdict, and that the defendant should deliver the bonds to the plaintiff. And in case a delivery should not be had, then the plaintiff should recover from the defendant this sum of $25,315.18 as damages, together with the costs of the action. These provisions inserted in the judgment were fully as broad as the verdict authorized them to be entered. And it furnished authority for entering no more than these directions in the judgment. But a further provision and direction was inserted in it, adjudging "that the plaintiff have and recover from defendant the sum of $2,315.18 damages for the detention of said chattels." That was a direction not included in the verdict, which was expressly restricted to the sum of $25,315.18, including damages. And after providing by the judgment for the recovery of the bonds, or in case possession of them should not be recovered, that the plaintiff should recover the amount of money mentioned in the verdict, there was legally nothing further to be added to the judgment against the defendant. The direction for the further recovery of $2,315.18 damages was wholly unauthorized by the verdict, and it should not have been made a part of the judgment.

After the judgment had been recovered an appeal from it was taken to the General Term where it was affirmed, and from that judgment of affirmance a further appeal was taken to the Court of Appeals, resulting also in its affirmance. But these appeals brought in question the right alone of the plaintiff to the possession of the bonds. They in no manner comprehended this further direction contained in the judgment. Neither was any attention devoted to this direction in the decisions which were made. And no adjudication was made upon the determination of either of the appeals affecting the right of the plaintiff to this additional direction for the recovery of damages. Neither was it a subject upon which an appeal from the judgment could regularly be taken, but the manner in which the practice has provided for its correction was that of a special motion, for it was an entirely unauthorized addition to the judgment beyond that permitted or allowed by the verdict. And where that addition

may be made, the mode of correcting it is by a special motion. (*Cagger* v. *Lansing*, 64 N. Y., 417; *Leonard* v. *Navigation Co.*, 84 id., 48; *Hatch* v. *Central Nat. Bank*, 78 id., 487; *Dinsmore* v. *Adams*, 48 How., 274; affirmed, 5 Hun, 149; *Cole* v. *Tyler*, 65 N. Y., 77.)

The time within which, by section 1282 of the Code of Civil Procedure, a motion has been required to be made to set aside a judgment for irregularity, has no application to this appeal, for the addition of this direction to the judgment was not an irregularity, but it was entirely and wholly unauthorized. For that reason the case of *Briggs* v. *Hilton* (99 N. Y., 517) is also inapplicable. The addition in this manner made to the judgment was illegal and without any foundation for it to rest upon, and it should be corrected by striking this provision for the recovery of damages, separately and distinctly, from the amount mentioned in the verdict, from the judgment-roll.

The order should be reversed, with ten dollars costs and also the disbursements, and an order to this effect entered in the action.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, and an order to the effect stated in opinion should be entered in the action.