TAYLOR *v.* TAYLOR.

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

JUDGMENT—CORRECTION.

> Defendant in ejectment alleged that he and plaintiff's grantor had agreed to purchase the land, and that plaintiff's grantor was to take the title; that each should pay part of the purchase money; and that, on repaying to plaintiff's grantor the amount paid by him, defendant should be entitled to a deed. He further alleged that he entered on the land under the agreement, and that he had since the purchase performed labor and services for plaintiff's grantor in full payment of the purchase money paid by the latter. The case was tried solely on the agreement, and no evidence was given as to the state of the account between the parties. The jury were told to find only as to the agreement, since, if that was proven as alleged by defendant, plaintiff's grantor could subsequently bring an action for the purchase money, wherein the account between the parties could be litigated. *Held,* that a judgment in defendant's favor on "the issues in the action" should be modified by giving defendant judgment only on the issues that were actually tried.

Appeal from special term, Westchester county.

Valerie P. Taylor brought ejectment against Francis A. Taylor. Defendant answered that on January 1, 1877, he and one Oliver D. Taylor, plaintiff's grantor, purchased the land under an agreement that the title should be taken in the name of Oliver, but that each should pay a portion of the purchase price; that the portion paid by Oliver should afterwards be repaid; that defendant should take possession of the land, and hold it as his own; and that, on being repaid, Oliver should execute a deed to defendant. Defendant further answered that he took possession of the land under the agreement; and that since the purchase he had performed work, labor, and services for Oliver in full payment of the purchase money. No testimony was offered at the trial as to this allegation, nor was the question whether or not defendant had repaid Oliver for the portion of the purchase money paid by him submitted to the jury. The only issues that the court permitted to go to the jury were whether the alleged agreement was ever made, and whether plaintiff, who was Oliver's wife, knew of it when she purchased the property. The court also instructed the jury that it appears that various mortgages on the land have been paid off, and that plaintiff has a large investment in the property, but these facts are not important; for, if the agreement is established, then Oliver may bring suit on the agreement, and have the courts declare that defendant shall fulfill the agreement by the payment of all the money within. .

a certain time; and, if he then should not pay it, defendant would have to give up possession of the property    There was a verdict in defendant's favor, and judgment was entered thereon "that the defendant have judgment against the plaintiff upon the issues in this action." Plaintiff then brought a new action for the purchase money, and defendant set up this judgment as a bar to her action.    On plaintiff's motion an order was made modifying the judgment by giving defendant judgment against the plaintiff only on the issues that were actually tried.    From this order defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*E. B. & C. P. Cowles,* for appellant.    *Thomas H. Barowsky,* (*Wm. A. Abbott,* of counsel,) for respondent.

BARNARD, P. J.    The plaintiff sought to recover the possession of the lands in question by ejectment. The complaint is in the usual form. The defendant answered, among other things, that the defendant and the plaintiff's grantor made an agreement, prior to the purchase of the property at foreclosure sale, by which the plaintiff's grantor was to take the title; that each should pay a portion of the purchase money; and that the defendant should repay the plaintiff's grantor the amount paid by him, and be entitled to a deed. The case was tried solely upon this agreement. The jury were told that if there was proven such an agreement, and the defendant entered into and was in possession under it, they must find for the defendant. The right, by plaintiff's grantor, in case the agreement was found by the jury, to bring an action for the purchase money paid, was stated to the jury as a reason why they should not consider the state of the accounts between the parties. The order appealed from merely corrects the judgment so as to conform to the facts hereby tried and decided in this action.

It would be inequitable and unjust to permit a finding of the agreement to decide that there was nothing due to the plaintiff's grantor on account of the joint purchase, and where no evidence was given on the subject. The order should be affirmed, with costs and disbursements.