ROGERS *v.* EDMONDS.

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

1. JUSTICES OF THE PEACE—PROCEDURE—ADJOURNMENTS.
    Code Civil Proc. N. Y. § 2959, provides that at the time of the return of a summons, or the joinder of issue without process, but at no other time, a justice may adjourn the trial of an action not more than eight days, unless defendant has been arrested; and section 2960 provides that at such time the justice must, on plaintiff's application, adjourn the trial not more than eight days, but not unless on plaintiff's oath, if required by defendant, that it cannot be safely proceeded with for want of some material testimony.    On the return-day of a summons, which had been personally served on defendant, the court on its own motion adjourned the trial five days for defendant's failure to appear.    On the adjourned day, defendant again failing to appear, and plaintiff's attorney having produced satisfactory evidence of plaintiff's illness, the trial was again adjourned for five days, at the expiration of which judgment was rendered for plaintiff on defendant's failure to appear.    *Held*, that the adjournments were regular.

2. SAME—ENTRY OF JUDGMENT.
    A clerical error in the transcript, which shows the judgment to have been rendered on the return-day of the summons, is not prejudicial, but may be amended.

Appeal from Westchester county court.

In an action by Jane Rogers against Henry Edmonds before a justice of the peace, to recover the amount of a debt, the summons was personally served on defendant, and was returnable on March 11, 1889.    A paper purporting to be a transcript of a judgment for plaintiff, rendered in the action on March 11th, was subsequently filed with the clerk of the county court.    Execution was issued thereon, and returned unsatisfied; whereupon an order was made

v.7 N.Y.s.no.16—56

in supplementary proceedings for the examination of Caroline E. Edmonds, who it was claimed was indebted to defendant. Defendant moved for an order to show cause why the judgment should not be vacated, because, among other things, the court had lost jurisdiction by irregular adjournments. This motion was based on the affidavits of the justice and others that on March 11th, the return-day of the summons, the defendant failed to appear, and the case was adjourned to March 21st, which was the true date of the rendering of judgment. On the granting of such motion the justice, and constable who served the summons, made affidavit that on the return-day the case, on the court's own motion, was adjourned to March 16th, for defendant's failure to appear, on which day plaintiff's attorney produced satisfactory evidence of plaintiff's illness, and, defendant failing to appear, the case was adjourned to March 21st, when, defendant still failing to appear, judgment was rendered for plaintiff on her evidence. Code Civil Proc. N. Y. § 2959, provides that at the time of the return of a summons, or the joinder of issue without process, but at no other time, the justice may adjourn the trial of the action not more than eight days, unless defendant has been arrested; and section 2960 provides that at such time the justice must, upon plaintiff's application, adjourn the trial not more than eight days, but not unless upon oath, if required by defendant, that the trial cannot be safely proceeded with for want of some material testimony. From an order denying a motion to set aside the order in supplementary proceedings, Caroline E. Edmonds and defendant appeal.

Argued before DYKMAN and PRATT, JJ.

*George C. Andrews,* for appellants. *J. S. Millard,* for respondent.

PRATT, J. The defendant was personally served, and failed to appear. The justice had jurisdiction of the person and subject-matter of the action. The defendant claims that because the justice made a mistake in a date in the transcript that all the proceedings are void. This contention cannot prevail. It was an error which was clearly amendable, and was duly amended. The adjournment was not irregular, and judgment was properly rendered on the adjourned day. The mistake was a clerical error on the part of the justice, and did not affect the judgment nor prejudice the defendant. We think no right of the defendant has been prejudiced, and that there is no merit in the appeal. Order affirmed, with costs.

DYKMAN, J., (*concurring.*) This is an appeal from an order of the county judge of Westchester county. The motion was made upon the theory that the justice of the peace in whose court the judgment was made had lost jurisdiction of the action by an irregular adjournment of the cause on the return-day of the summons. It was abundantly proved, by the answering affidavits to which the county judge gave credit, that the adjournments were regular, and that the justice of the peace did not lose jurisdiction. The order should be affirmed, with costs.