EMILY B. BARTLETT, Appellant, *v.* T. ROMEYN BUNN *et al.*, Respondents.

LAURA V. DEAN, Appellant, *v.* T. ROMEYN BUNN *et al.*, Respondents.

*Supreme Court, Third Department, General Term, December* 11, 1889.

*Pleadings. Amendment.*—In an action for an accounting brought against attorneys, in which a release under seal is set up as a defense, the plaintiff can prove fraud in procuring such release without an amendment of the complaint.

Appeals from judgments dismissing the complaints.

Actions against defendants as attorneys for an accounting. The answers set up an accounting, settlement and a release.

*Edward J. Maxwell,* for appellants.

*W. L. Vandenburgh,* for respondent Buckbee; *C. S. Nisbet,* for respondent Bunn.

PUTNAM, J.—The two actions were brought against defendants as attorneys under a written power, dated September 27, 1883, wherein plaintiffs authorized defendants (and one John T. Bunn, since deceased), or any two of them to rent, sell, divide into lots, manage and control lands of the plaintiffs in Amsterdam, N. Y., and in Rahway, N. J.

Plaintiff Bartlett revoked her power on March 6, 1885, and plaintiff Dean on April 20, 1888.

The complaint alleges that defendants had failed to account for their proceedings under said written power, and asked for an accounting.

On the trial it was proved by a sealed written release, executed by plaintiffs, dated October 24, 1885, that there was an accounting between defendants and plaintiffs up to June 13, 1885, and that plaintiffs released for all acts of defendants to that time.

It was undisputed that defendant Buckbee ceased on March 6, 1885, to act as attorney, and the referee found on sufficient evidence that defendant Bunn also, on March 6, 1885, ceased to act under the said power. It would be difficult to perceive how he could act under it without Mr. Buckbee, it requiring the concurrence of two of the attorneys. We think the conclusion of the referee that both defendants ceased to act under the written power after March 6, 1885, was fully justified by the evidence.

Defendant Bunn did act for the plaintiffs and the other heirs of Thomas Bunn, deceased, after the release, but he so acted under a subsequent and a verbal arrangement not counted on or set out in the complaint, and therefore his proceedings under the verbal arrangement are not proper to be considered in this action.

There was no request to amend the complaint to recover in this action for collections individually of Bunn under the verbal arrangement. The complaint claimed simply an accounting of the two defendants, Bunn and Buckbee, under the written power of attorney. Now, as stated above, there was a written and sealed release, executed on October 24, 1885, which released defendants from all acts and collections up to June 13, 1885, and which acknowledged full settlement up to that time, and the referee has found that defendants did not act under said power after June 13, 1885, on sufficient evidence. Hence, the claim of plaintiffs, made in the complaint and asserted in their brief, that defendants had failed to render a just and true account of their proceedings under the power of attorney, is disproved by the most conclusive and satisfactory evidence, viz.: a written and sealed release, which acknowledged a full settlement up to and

after the latter defendant ceased to act as said attorney, and on the evidence the referee did not err in finding accordingly.

The plaintiffs claim that the referee erred in denying the plaintiffs' motion to amend the complaint. If an amendment was necessary, it is not clear that the amendment asked for could be properly allowed on the trial. Plaintiffs asked to amend their complaint by inserting allegations of fraud and mistake in procuring the execution of the release, and to have the release set aside on account of fraud. The action was for an accounting of attorneys, and the amendment sought to be injected into the complaint was an equitable cause of action to have the release, which barred the recovery of plaintiffs, set aside for fraud. See Button *v.* Schuyler Steamboat Line, 40 Hun, 422.

But both parties agree that under the pleadings no amendment was necessary; defendants setting up the release and receipt, plaintiffs could show without amendment of the complaint that the release was obtained by fraud. See Maricle *v.* Brooks, 21 N. Y. State Rep. 534.

This being so, plaintiffs could have shown on the trial that the release was obtained by fraud. They failed to do so, and our attention has not been called to any evidence offered by plaintiffs to show fraud in obtaining the paper. The evidence pointed out by plaintiffs refers to transactions subsequent to June 13, 1885, and was only objected to by defendants on the ground that it did not relate to transactions under the power of attorney. Hence, as plaintiffs had the right to show fraud or mistake in obtaining the release, and failed to offer any evidence in that regard, they are not in any way injured by the refusal of the referee to allow the amendment asked for.

The plaintiffs object to the findings of the referee, holding that the defendants ceased to act as attorneys under the written power at some time prior to June 13, 1885. We have examined the evidence carefully and are unable to say that the learned referee did not reach correct conclusions

therefrom. It was a question of fact for him to pass upon; there is sufficient evidence to sustain his findings, and they should not be disturbed.

The plaintiffs insist that it appears from the evidence that defendant, Bunn, after he ceased to act under the power of attorney, did act under some arrangement with plaintiffs and the other heirs, and that plaintiffs were justly entitled to an accounting as against Bunn of those transactions. The trouble with this position is that the complaint does not cover any such claim, nor did plaintiffs ask to amend it in that regard. The complaint simply contained a joint cause of action against Buckbee and Bunn for an accounting for their acts under the written power.

The judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concur.

---

NOTE ON "AMENDMENTS OF PLEADINGS, ETC."

*As of course.*—An answer cannot be served as an amendment to a previous demurrer to the complaint under § 542 of the Code. Cashman *v.* Reynolds, 25 Abb. N. C. 392. An issue of law cannot be changed by an amendment of course to an issue of fact, nor can the latter be, by such process, converted into an issue of law. Id.

The defendant can withdraw a frivolous demurrer, and serve an answer, if within time for service, as of course, of the amended pleading. Robostelli *v.* Noxon, 52 Hun, 614.

A demurrer cannot be amended, as of course, by the service of an answer. Cashman *v.* Reynolds, 56 Hun, 333; aff'd 123 N. Y. 138.

The defendant cannot, as matter of right, amend his demurrer by serving an answer. Cashman *v.* Reynolds, *ante.*

*Before trial.*—The court, at special term, may allow an amendment setting up a new defense. Marx *v.* Gross, 58 Supr. 221.

The answer may be amended upon defendant's motion before trial by striking out a counterclaim, where he will be prevented at the trial from giving evidence to sustain such counterclaim, on account of his inability to comply with an order directing a bill of particulars. Knauth *v.* Wertheim, 26 Abb. N. C. 369.

It is too late, after the cause is finally submitted to the referee who has decided the issues, to move for leave to amend the reply by setting up a further defense to the counterclaim. Brady *v.* Nally, 26 Abb. N. C. 376.

Note on " Amendments of Pleadings, etc."

The court will not permit, after a trial by a referee, an amendment of the pleadings that will make the referee's judgment irregular. Id. A reply cannot be amended in order to set up a counterclaim to defendant's counterclaim. Id.

No amendment to the complaint, that increases the burden upon a defendant who appeared in the action, can be made in his absence and without notice to him. Work *v.* Tibbets, 61 Hun, 566.

The court should not grant leave to serve a proposed amended answer, which contains allegations of inferences only, and not of facts such as tend to constitute a defense, or may be taken into consideration in mitigation of damages. Bausch *v.* Ingersoll, 61 Hun, 627.

An amendment of a complaint by striking out therefrom causes of action therein set out may be granted, though a counterclaim has been interposed. Felix *v.* Van Slooten, 43 N. Y. St. Rep. 791; Cohn *v.* Anathan, 24 Id. 295; Brown *v.* Leigh, 49 N. Y. 78.

An amendment bringing in a new party plaintiff, in an action of ejectment, after two trials, should not be allowed. Crowley *v.* Murphy, 58 Supr. 257; aff'd 123 N. Y. 639.

An order directing the defendants to answer the amended complaint within twenty days after its service, is discretionary. Second A. R. R. Co. *v.* Met. E. R. R. Co., 58 Supr. 172.

If aggrieved, the defendant may move for a resettlement of the order. Id.

A complaint to cancel a deed of land may be so amended as to state a cause of action for the redemption of the land therefrom. Newerf *v.* Jebb, 52 Hun, 612.

Restricting defendant to answer, or abridging statutory time for service, in pleading to amended complaint, is erroneous. Fink *v.* Man. Ry. Co., 29 N. Y. St. Rep. 153.

The substitution of causes of action of the same nature may be allowed before trial. Clark *v.* Lichtenberg, 26 N. Y. St. Rep. 935.

The holder of a mortgage, given to secure moneys used to pay off a prior incumbrance, if its execution is denied, may ask that, in case he fails, he may be adjudged equitably entitled to enforce a prior encumbrance. Campbell *v.* Campbell, 52 Hun, 612.

The court, on a motion to amend, will not usually determine whether the pleading sets forth a cause of action or defense, unless its insufficiency is conclusive. Id.

The court cannot, in the same order, direct an amendment of the complaint which requires an answer, and order a compulsory reference. Kimbel *v.* Mason, 61 Hun, 337.

The power to amend the pleadings by inserting a cause of action barred by the statute of limitations, should be sparingly exercised and only in the absence of laches and fault. Eggleston *v.* Beach, 58 Hun, 604.

An amendment to the answer in an action to foreclose securities, by averring equities superior to the owners of other securities included in the foreclosure, is properly denied, where the answer does not show that all the parties in interest are before the court. Work *v.* Rexford, 58 Hun, 604.

An objection of a want of jurisdiction is no answer to an application for leave to amend the complaint. Pope *v.* T. R. C. & M. Co., 52 Hun, 610.

Laches is a ground for the denial of a motion to amend the pleadings. Johnston *v.* Am. W. M. Co., 56 Supr. 500.

*On the trial.*—§ 723 of the Code of Civil Procedure should not be ·construed as giving the court on the trial power, where a plaintiff has been defeated on his original complaint, to allow him to substitute a new and different cause of action. Mea *v.* Pierce, 63 Hun, 400. The power given to the court by said section is to allow an amendment to the pleadings by inserting an allegation material to the case. Id. It is not a power to substitute a new cause of action. Id.; Barnes *v.* Quigley, 59 N. Y. 265; Nat. Steamship Co. *v.* Sheahan, 122 Id. 462; Gas Light Co. *v.* R., W. & O. R. R. Co., 51 Hun, 119; Fisher *v.* Rankin, 25 Abb. N. C. 191; Ransom *v.* Wetmore, 39 Barb. 104; Davis *v.* N. Y., L. E. & W. R. R. Co., 110 N. Y. 646.

An amendment introducing a new cause of action cannot be allowed on the trial. Freeman *v.* Grant, 56 Hun, 640.

An amendment, adding a material allegation, but not changing the claim substantially, is authorized. Wilcox *v.* Payne, 55 Hun, 607.

The exercise of discretion by the trial judge in refusing to allow defendant to amend his answer on the trial, after plaintiff has closed his case, will not be reviewed by the court of appeals. Miner *v.* Baron, 131 N. Y. 677.

The court may properly refuse to allow the defendant to amend his answer so as to plead payment. Hong Kong & S. B. Corp. *v.* Emanuel, 63 Hun, 629. It would be setting up a new defense. Id.

If the complaint is so amended at the trial, against the protest of the defendant, as to work an entire change in the cause of action, the judgment will not be upheld. Dexter *v.* Ivins, 44 N. Y. St Rep. 244. The power of the court to amend pleadings at the trial does not permit the introduction of a new or entirely different cause of action. Id.

An answer, which sufficiently manifests an intent to deny some substantial part, if not all, of the contract set up in the complaint, is not a mere negative pregnant. Pfaudler P. F. Co. *v.* McPherson, 51 Hun, 636.

If the plaintiff is embarrassed by such answer, he must move, before the trial, to have it made more definite and certain. Id.

Otherwise, the defect may be cured by allowing an amendment at the trial, to make a distinct issue. Id.

The plaintiff cannot object to such an amendment on the ground of surprise, or allowance of a new defense. Id.

An amendment of the answer on the trial, by setting up a new defense, is discretionary. Avery *v.* Starbuck, 57 Supr. 597 ; affirmed, 127 N. Y. 675.

An amendment on the trial by striking out of the answer an admission of an allegation in the complaint, may be refused. Miner *v.* Baron, 60 Hun, 585.

An amendment of an answer on the trial, after the testimony is all in, which does not harm the plaintiff, may be allowed. Page *v.* Voorhies, 40 N. Y. St. Rep. 696.

Note on "Amendments of Pleadings, etc."

Fraud in obtaining a release, which is set up in the answer, may be shown by the plaintiff without an amendment. Bartlett *v.* Bunn ; Dean *v.* Same, 54 Hun, 639.

An amendment, changing an equitable to a legal cause of action, on the trial, is not allowable. Halsey *v.* T. N. Bank, 56 Super. 7.

An amendment to the complaint on the trial, which changes the cause of action, cannot be granted. Gas Light Co. *v.* R., W. & O. R. R. Co., 51 Hun, 119.

An amendment on the trial, by substituting a new, distinct and independent contract, is not allowable. Hill *v.* L. Ass. Cor., 34 N. Y. St. Rep. 65.

An amendment, changing the action from negligence to nuisance, cannot be made on the trial or appeal. Fisher *v.* Rankin 55 Hun, 606.

The court may permit the amendment, unless in case of clear proof that it will change the nature of the action. Whitmark *v.* Lorton, 15 Daly, 548.

The court cannot grant an amendment of the pleading, substituting a purely legal for an equitable cause of action. Sleeman *v.* Hotchkiss, 59 Hun, 623.

The court may, in its discretion, allow an amendment, which increases the original demand. Brady *v.* Cassidy, 37 N. Y. St. Rep. 501.

The terms of granting the amendment, stated. Id.

The denial of a motion for leave to strike out the names and all the allegations exclusively relating to a deceased and a discontinued defendant, does not injure plaintiff. Sleeman *v.* Hotchkiss, 60 Hun, 577.

An application toward the close of the trial to interpose amendments, which will introduce an inconsistent cause of action, is properly denied. Whittemore *v.* J. L. & S. O. Co., 32 N. Y. St. Rep. 316.

Also, where it will unite, with an equitable cause of action, one triable by jury. Id.

An amendment, eliminating the word "fraudulently" from the complaint, does not introduce or remove a cause of action. Bosworth *v.* Higgins, 54 Hun, 635.

An amendment, which only enlarges the original allegation on the same subject, but in no way involves a new or distinct cause of action, is allowable. Becker *v.* N. Y., L. E. & W. R. R. Co., 57 Hun, 585.

An amendment on the trial changing a cause of action *ex delicto* into one *ex contractu*, is not allowable. Willis *v.* Morse, 54 Hun, 634.

An amendment of the answer, by setting up a counterclaim, was held to be discretionary. Id.

An amendment of the complaint by withdrawing a portion of the credit, therein admitted, may be permitted upon the trial. Price *v.* Brown, 112 N. Y. 677.

An amendment of the complaint, in an action for slander, introducing words spoken at the same time and in the same connection, is proper on the trial. Collyer *v.* Collyer, 50 Hun, 422.

In an action against a town for negligence, the court may allow an amend-

ment to the complaint so as to charge negligence in the highway commissioner instead of the town. Wilson *v.* Town of Spafford, 57 Hun, 589.

An amendment to correct an inadvertent error in the complaint, neither misleading nor prejudicial to the defendant, should be granted. Wilson *v.* Smith, 39 N. Y. St. Rep. 156.

A complaint for services, alleging an agreement as to the price, may be amended on the trial, to let in proof of the value, on failure to prove an agreed price. Copeland *v.* John. Mfg. Co., 50 Hun, 604.

An amendment, in this case, was not needed for such purpose. Id.

The referee has power to amend summons and complaint by adding a party defendant. Magovern *v.* Robertson, 59 Hun, 627.

An amendment to the complaint, which will constitute a new cause of action, is not within the power of a referee to grant. Nat. S. Co. *v.* Sheahan, 122 N. Y. 461.

A referee cannot allow an amendment of the answer on the trial by setting up a new defense. Case *v.* P. B. Co., 58 Super. 435.

*To conform to proof.*—No amendment, for the purpose of conforming a complaint to the proof, can be made whereby a new cause of action, which has no bearing or relation to that which has already been set out in the complaint, can be introduced. Freeman *v.* Grant, 56 Hun, 640.

A complaint is never amended to conform to the proof, though taken without objection, for the purpose of reversing a judgment, though such amendments are made in some instances for the purpose of sustaining the judgment. Steinam *v.* Strauss, 63 Hun, 29.

An answer, which has been treated as sufficient during the trial, may be conformed to the proof. House *v.* Howell, 53 Hun, 638.

The pleading cannot be conformed to the proof, in the case of due objection to its sufficiency. Rutty *v.* C. F. J. Co., 52 Hun, 492.

The pleadings cannot be conformed to the proof from a cause of action against the defendants as guarantors into one against them as endorsers. Peters *v.* Chamberlain, 59 Hun, 623.

In an action for malicious prosecution, an amendment at the close of the trial conforming the complaint to the proof, thereby introducing a cause of action for false imprisonment, though not objected to, is erroneous. Cumber *v.* Schoenfeld, 34 N. Y. St. Rep. 770.

An amendment of the complaint to conform it to the proof is not proper, when an objection has been taken to the admission of such proof. Barnes *v.* Seligman, 55 Hun, 339.

An amendment of the complaint, in an action for wages, to conform it to the proof, is proper, where the amount of recovery is the same in either form of action. Dexter *v.* Ivins, 60 Hun, 585.

Where the plaintiff alleged an absolute gift and proved, without objection, a gift *causa mortis*, an amendment on the trial conforming the pleading to the proof is proper. Walsh *v.* B. S. Bk., 26 N. Y. St. Rep. 95.

The court cannot change the original sworn complaint, on defendant's motion, to conform it to the copy served. Boston Nat. Bank *v.* Armour, 50 Hun, 176.

The remedy, in case the copy complaint served differs from original, is herein stated. Id.

*County court.*—A county court's refusal to allow an amendment to a complaint, solely on the ground of want of power, is reviewable on appeal. Lake *v.* Sweet, 63 Hun, 636. If, as a matter of discretion, the court has refused to make such an amendment, the general term would not undertake to review the exercise of such discretion. Id.

The notice of appeal to the county court from a justice's judgment may be amended, in a proper case, by inserting therein a demand for a new trial, where such demand was omitted by mistake or inadvertence. Chatfield *v.* Reynolds, 56 Hun, 648. See also, as to power of the county court to permit an amendment of the notice of appeal. McCarthy *v.* Crowley, 52 Id. 614.

The pleadings cannot be amended on appeal from a municipal court, in order to entitle the party to a new trial. Loughrill *v.* Downey, 27 N. Y. St. Rep. 51.

When an amendment of the pleadings should not be granted on an appeal to the county court, where a new trial is demanded. Cook *v.* Waterford, 53 Hun, 634.

An amendment, not changing a claim in litigation, is properly allowed by the county court on an appeal from a justice's court. Argersinger *v.* Levor, 54 Hun, 613.

The county court, on an appeal from the justice's court, has power to allow an amendment in an action of replevin, so as to allege a wrongful taking or demand and refusal. Button *v.* Lusk, 57 Hun, 589.

An amendment to the pleadings, in a justice's court, should be granted at any time during the trial, if substantial justice will be promoted thereby. Schork *v.* Moritz, 24 St. Rep. 898.

*After trial.*—Upon a motion for a new trial made upon a case and exceptions, the court may, *it seems,* allow an amendment to the complaint conforming the pleadings to the proof, where the amendment does not mislead the defendant. Evarts *v.* U. S. Mut. Ac. Ass'n, 61 Hun, 624.

An amendment of a notice of appeal cannot be permitted after the expiration of the time allowed for an appeal. Richards *v.* Brice, 15 Daly, 144.

An appellate court will not amend a pleading in order to reverse the judgment. Camp *v.* Smith, 117 N. Y. 354.

An amendment of the case on appeal to the court of appeals may be made, without a motion, by the court below. Peterson *v.* Swan, 119 N. Y. 662.

The supreme court has power, on application of the defendant, to amend the undertaking of the defendant in replevin, by striking out an admission in its recital, with the consent of the surety. Dale *v.* Gilbert, 128 N. Y. 625; reversing 59 Hun, 615.

The general term, on failure to prove the cause of action alleged in the complaint, has no power to conform the pleadings to the proof. East River Nat. Bk. *v.* Adams, 51 Hun, 641.

Note on " Amendments of Pleadings, etc."

The complaint cannot, on appeal, be conformed to the proof, where no application to amend was made after a motion to dismiss was made and denied. Alleman *v.* Bowen, 61 Hun, 30.

When the general term will amend a pleading to conform it to the proof. Aylesworth *v.* Gallagher, 51 Hun, 636.

The appellate court, upon a stipulation of the parties, may allow an amendment alleging and admitting an assignment. Toop *v.* Mayor, etc., 36 N. Y. St. Rep. 724.

An appellate court will order an answer to be amended by inserting a prayer for affirmative relief, where necessary to sustain the judgment. White *v.* White, 58 Super. 333.

The general term cannot amend its order for a new trial by inserting that it was made on the facts, after an appeal therefrom has been determined by the court of appeals. Whitman *v.* Foley, 61 Hun, 623.

Especially, after leave to make such an application has been denied by the latter court. Id.

When a return will be sent back for amendment. Baldwin *v.* Phibaudeau, 39 N. Y. St. Rep. 54.

*Judgment.*—The only limitation imposed by § 723 of the Code as to the making of corrections to a judgment, is that they shall not affect the substantial rights of the adverse party. Bohlen *v.* Met. El. R. Co., 121 N. Y. 546.

When the court is moved to reform or amend its record in the line of correcting a mistake or omission, the question is one of discretion, and its exercise only awaits the making out of a proper case. Id.

The question, in such case, is not one of terms or sessions of the court. Id.

The judgment may be so modified as to conform to the facts tried and decided in the action. Taylor *v.* Taylor, 55 Hun, 605.

A clause, erroneously or inadvertently inserted in the judgment, may be stricken out on motion. Riggs *v.* Chapin, 27 N. Y. St. Rep. 268.

The right to have the costs stricken out of a judgment is not waived by an appeal. Marshall *v.* Boyer, 52 Hun, 181.

Permission to move to correct, after affirmance, must be obtained from the general term. Id.

An error in the allowance of a distinct claim and of interest can be corrected by deduction from the judgment with the assent of the plaintiff. Grossman *v.* Walters, 58 Hun, 603.

The correction of errors in the decision in ejectment should be procured by a motion and not by an appeal. Gasz *v.* Strick, 30 N. Y. St. Rep. 226.

§ 1525 of Code is mandatory. Id.

The circuit court may cancel the clerk's minutes of trial and substitute other minutes. Jones *v.* Merchants' Nat. Bk., 113 N. Y. 629.

The special term may open, amend and reconstruct a judgment roll. Id.

The trial judge cannot vacate a part of a judgment in replevin after four years from its entry, and after affirmance by the court of appeals. Corn Ex. Bk. *v.* Blye, 119 N. Y. 414 ; rev'g 54 Hun, 312.

An irregularity in the form of the judgment must be corrected by a motion within one year after notice of the proceeding. Id.

What is such irregularity. Id.

A jurisdictional defect cannot be remedied by an amendment *nunc pro tunc.* O'Grady *v.* O'Grady, 55 Hun, 40.

The surrogate has power to amend an order by reciting the paper on which it was made. Matter of Post, 60 Hun, 577.

Terms on which such motion should be granted, stated. Id.

What is not laches in moving. Id.

A mistake in the date in the transcript of a judgment is amendable. Rogers *v.* Edmonds, 55 Hun, 604.

*Other cases.*—The undertaking on attachment in justices' court may be amended *nunc pro tunc* by the justice of the peace. Riley *v.* Skidmore, 53 Hun, 632.

An amendment to an indictment, which does not affect the substance of the charge, may be properly granted. People *v.* Dunn, 53 Hun, 381.

An indictment for crime of libel may be amended upon notice by inserting the words accidentally omitted, which constituted a part of the published libel. People *v.* Clegg, 57 Hun, 591.

The obligations of an existing contract cannot be impaired by an amendment to the state constitution. Town of Cherry Creek *v.* Becker, 123 N. Y. 161.

The service of an answer by mail does not give double time in which to amend it. Armstrong *v.* Phillips, 60 Hun, 243.

See further, Gaylord *v.* Beardsley, 64 Hun, 637; Haggerty *v.* Phelan, 46 N. Y. St. Rep. 531.