### BROYER *v.* RITTER.

*(City Court of New York, General Term.* December 24, 1890.)

APPEAL—OBJECTIONS NOT RAISED BELOW—WAIVER OF ERRORS.

In an action by a real-estate broker for commissions, the amount was paid into court, and an order of interpleader was granted in favor of a rival broker, with $20 costs, which were paid out of the fund. *Held,* that an instruction to bring in a verdict in favor of the successful party for the entire amount of the fund could not be assigned as error for the first time on appeal, where the judge's attention at the trial had not been called to the fact that the $20 costs had been paid therefrom; but that, to prevent injustice, the judgment would be modified by the deduction of $20.

Appeal from trial term.

Action by Henry B. Broyer against Jacob Ritter for commissions as a real-estate broker. There was a verdict and judgment in plaintiff's favor, and defendant appeals.

Argued before McADAM, C. J., and EHRLICH and VAN WYCK, JJ.

*J. G. Ritter* and *D. E. Anthony,* for appellant. *Rabe & Keller,* for respondent.

PER CURIAM. The action assumed the form of an interpleader suit between rival brokers to determine which of them earned the brokerage on the sale of certain real property on the corner of Tenth avenue and Ninety-Eighth street, in the city of New York. The jury found that the plaintiff was the procuring cause of the sale, and gave him a verdict. The evidence, though not strong, was sufficient to warrant the jury in finding as they did. The conflicting proofs required the trial judge to submit the cause to the jury. Neither side asked him to direct a verdict. No error was committed at the trial. The attention of the trial judge was not called to the fact that $20 costs were allowed to the defendant in the original suit on his application for the order of interpleader, and that this sum was deducted from the fund on deposit and in dispute. Indeed, the trial judge was permitted to charge the jury, without objection, that the party succeeding (whether plaintiff or defendant) was entitled to a verdict in his favor for $330, with interest. The defendant got the benefit of this charge, and, if he had succeeded, would have recovered a verdict for $330. It is too late now to raise this question for the first time upon appeal. The error might, and no doubt would, have been corrected in the court below if the attention of the trial judge had been called to it. *Bank* v. *Blye,* 7 N. Y. Supp. 434, and cases cited. The appellate court is to review such errors of the trial judge as are excepted to in the court below, and the court was not put in error in regard to the $20 complained of

here. To prevent any possible injustice, however, the judgment will be modified by deducting the $20 aforesaid, and, as modified, affirmed, with costs. See *Belgard* v. *McLaughlin*, 44 Hun, 558.   All concur.