## BIDWELL *et al.* v. OVERTON.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. PERFORMANCE OF CONTRACT.

By an agreement for a sale of a parcel of pepper, it was "to be shipped June–August, 1889, by steamer from Straits." *Held,* that the stipulation as to time and manner of shipment was material, and, if it was not fulfilled, the purchaser was not bound to accept a delivery, even of pepper the same in quality and quantity as that stipulated.

2. BILL OF LADING—PROOF OF EXECUTION.

A witness who testified that a certain paper was a "Straits bill of lading" on cross-examination admitted that he did not see the paper signed, did not know anything about the name signed at the foot of it, and never saw that person write his name. *Held,* that his testimony was insufficient to establish the execution and authenticity of the document.

3. PLEADING—ANSWER.

An averment in an answer that "defendant has not knowledge or information sufficient to form a belief" as to a specified paragraph of the complaint is not a denial of the allegations of such paragraph.

4. SAME.

The complaint in an action on a contract of sale of pepper, "to be shipped June–August, 1889," alleged "that in the month of July or August, 1889," plaintiff shipped the same. The answer contained an averment that "defendant is informed and believes that the said goods were not shipped during the month of June, July, and August, 1889, nor until September in that year, in compliance with the terms and stipulations of the aforesaid agreement, all of which defendant will prove on the trial of this cause by way of defense." *Held,* that this was no denial, and raised no issue as to the shipment of the goods.

Appeal from city court, general term.

Action by Charles E. Bidwell and James M. French against John B. Overton, for refusal to accept and pay for goods pursuant to a contract of purchase.

The sale in question was of a parcel of pepper, "to be shipped June-August, 1889, by steamer from Straits, direct or via Europe for this port," and to contain "dust not over three per cent." Defendant appeals from a judgment of the general term of the city court affirming a judgment of that court for plaintiffs, entered on the verdict of a jury.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Frank E. Blackwell,* for appellant. *Norwood & Coggeshall,* (*Carlisle Norwood, Jr.,* of counsel,) for respondents.

PRYOR, J. As to the law of the case, there is no controversy between the parties; but it is agreed that to entitle plaintiffs to a recovery it was necessary for them to show that the pepper was shipped when and in the mode required by the contract, and that it was not adulterated by more than 3 per cent. of dust. These were the only questions of fact litigated on the trial; and we are of opinion that the evidence was sufficient to make a *prima facie* case for the plaintiffs, as to the quality of the pepper, and therefore that the verdict in their favor is conclusive upon that issue.

But in respect to the other question, namely, whether the pepper was "shipped during June-August, 1889, by steamer from Straits," we find no evidence upon the issue, except the recital in the bill of lading, the validity of which, as proof of the fact, is presently to be discussed. Upon tender, defendants refused to accept the pepper; and that they had the right so to refuse if the stipulation as to time and mode of shipment were not fulfilled, is an unimpeachable proposition of law. Time and mode of shipment, as settled between the parties, is not an immaterial accessory, affecting only the method of performance, but is of the substance of the agreement, because identifying its subject-matter. If a specific article be sold, it is quite unimportant when or in what manner it may be transported to the buyer, for, in any event, he gets the thing for which he bargained. An executory contract for an indefinite sale of merchandise identifies no subject of the sale, but a predicate of the time and mode of shipment conclusively ascertains and distinguishes it. A contract merely for the sale of so much pepper, and of such a quality, is executed by the delivery of any pepper of the given kind and quantity; but a tender of pepper shipped in March by sailing vessel from Liverpool is not a delivery of the pepper agreed to be shipped "during June-August by steamer from Straits," and the purchaser is not bound to accept such delivery, though it be of pepper the same in quality and quantity as that stipulated in the contract. "The seller is limited to the description of the goods in the contract, and the buyer is not bound if there be a variance even in an unimportant particular;" hence a contract for iron to be shipped by the plaintiffs would not be fulfilled by the delivery of iron shipped by another; for, "however unimportant the circumstance might be, it entered into the contract of the parties, and the defendant could not be required to take any other iron." *Cunningham* v. *Judson,* 100 N. Y. 179, 189, 2 N. E. Rep. 915. "The words as to shipment are part of the description of the subject-matter;" and hence a contract for iron to be shipped in December, 1879, or January, 1880, is not performed by a delivery of iron shipped in February, 1880. *Hill* v. *Blake,* 97 N. Y. 216; *Welsh* v. *Gossler,* 89 N. Y. 540.

It was incumbent, of course, on plaintiffs to establish the fact that the pepper tendered to defendant was the pepper they had agreed to deliver; and this they could do only by proof that the pepper offered was shipped at the time, in the manner, and from the place provided by the contract. Such proof appears in the Straits bill of lading, but defendant objected to the admission of the paper, and the question is, did the court err in ruling it to be competent evidence? Exhibiting the paper to a witness, counsel for plaintiff asked, "Is this the Straits bill of lading?" to which the witness responded, "That is the Straits bill of lading." Thereupon counsel offered the paper in

evidence; but defendant's counsel interposed with the questions: "Did you see the bill of lading signed? Do you know anything about the name signed at the foot of the bill of lading? Did you ever see that person write his name?" These inquiries being answered in the negative, defendant's counsel objected to the admission of the paper, on the specific ground that it had not been proved; but the court received it, and to the ruling defendant duly excepted. Assuming, though not conceding, that the paper, to which defendant was in no sense a party or privy, might be competent evidence against him, argument is not necessary to show that the proof is altogether-insufficient to establish the execution and authenticity of the document, and so that its admission was error; and of this the learned trial judge, on reflection, became conscious, for afterwards he declared that he received the paper only to identify it as the one of which the witness had spoken, and not "as evidence of any fact." The paper, being avowedly incompetent evidence of the fact in controversy, and being admitted only for another and immaterial object, cannot now be recognized in the case for a purpose which was expressly repudiated by the court on the trial. To do so would be a juggle upon justice. Eliminate, then, this bill of lading, and the case is totally destitute of evidence to show a shipment in compliance with the terms of the contract. It results, therefore, that the court erred in denying defendants' motion to dismiss the complaint, and the judgment must be reversed, unless another ground urged by respondents in support of the judgment be tenable.

Apparently aware of the defect in their proof, respondents contend that the due shipment of the pepper was not in issue upon the pleadings. As to the shipment, the allegation of the complaint is (paragraph 5) "that in the month of July or August, 1889, plaintiff, having purchased" the pepper, "shipped the same by steamer, via Europe, in said month," to which the answer responds that "defendant has not knowledge or information sufficient to form a belief as to the fifth paragraph of the complaint." In *Baylis* v. *Stimson*, 110 N. Y. 621, 17 N. E. Rep. 144, the court of appeals intimated that an averment of want of knowledge or information sufficient to form a belief as to the truth of unspecified allegations in designated paragraphs of an answer was not an effective denial of those allegations. But here is something still more loose and indefinite, namely, an avowal of lack of knowledge or information as to the paragraph itself, and not of the statements of fact in the paragraph. For this form of pleading there is no warrant either in the rules of the common law or in the provisions of the Code, and the averment is plainly insufficient to raise an issue. "It is a fundamental rule of pleading that, if a party wishes to traverse a fact, he must deny it in plain and unambiguous terms." *Fermentation Co.* v. *McPherson*, 3 N. Y. Supp. 609. But appellant contends that the defect is repaired by the subsequent averment in the answer that "defendant is informed and believes that the said goods were not shipped during the month of June, July, and August, 1889, nor until September in that year, in compliance with the terms and stipulations of the aforesaid agreement, all of which this defendant will prove on the trial of this cause, by way of defense." A denial may be on information and belief, (*Bennett* v. *Manufacturing Co.*, 110 N. Y. 150, 17 N. E. Rep. 669;) but here is no denial at all, but a mere declaration that the pleader is informed and believes that a certain allegation in the complaint is untrue, and that he will so prove on the trial, by way of defense. This, too, is insufficient as a traverse of the allegation in the complaint of the due shipment of the goods; and, as no issue was raised as to the fact, it stood admitted, and the plaintiffs were absolved from the obligation of proving it. We accept this conclusion the more readily since the justice of the case is clearly with the respondents. Judgment affirmed, with costs. All concur.