Liberty Wall Paper Company, Appellant, v. Stoner Wall Paper Manufacturing Company, Respondent.

Counterclaim — Burden of Proof — Evidence — Erroneous Admission of Assignment of Contract Executed After Commencement of Action.  A defendant who interposes a counterclaim and demands an affirmative judgment thereupon has, under the statute (Code Civ. Pro. § 974), the affirmative of the issue and the burden of proof, and where a defendant is bound to establish, in order to support a counterclaim, that it was the owner of a certain contract at the time of the commencement of the action, it is reversible error to admit in evidence an undated writing purporting to be an assignment of the contract, where it is disclosed upon cross-examination that the writing was actually signed subsequent to the commencement of the action; and the error is not obviated by the fact that the trial court submitted to the jury the specific question whether there had been any assignment of the contract at the commencement of the action, since the admission in evidence of a written assignment without date, executed subsequent to the commencement of the action, must, in any view of the case, have been misleading with the jury.

*Liberty Wall Paper Co.* v. *Stoner Wall Paper Mfg. Co.,* 76 App. Div. 622, reversed.

(Argued March 16, 1904; decided April 8, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 12, 1902, affirming a judgment in favor of the defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edgar T. Brackett* and *William E. Bennett* for appellant. It was error on the part of the trial court to admit in evidence, over the objection and exception of the plaintiff, the written assignment made by Stoner to the defendant. (*Dean* v. *M. E. R. Co.,* 119 N. Y. 540; *Hare* v. *Van Deusen,* 32 Barb. 92; *N. Y. Shot Co.* v. *Carey,* 20 How. Pr. 444; *Bennett* v. *Lawrence,* 71 App. Div. 413; *Campagne* v. *Powell,* 48 App. Div. 344; *Kilbourne* v. *Supervisors,* 137 N. Y. 170;

*Pond* v. *Harwood*, 139 N. Y. 111; *Peck* v. *Goodberlett*, 109 N. Y. 180; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *Stephens* v. *Ely*, 162 N. Y. 79.)

*John L. Henning* for respondent.     The introduction of the written assignment, made practically during the first trial of the action, is not an error of which the plaintiff can complain.     (*Foote* v. *Beecher*, 78 N. Y. 155; *Scher* v. *M. S. R. Co.*, 71 App. Div. 28; *Ives* v. *Ellis*, 169 N. Y. 85; *Bank of N. Y.* v. *S. Nat. Bank*, 170 N. Y. 1; *Stephens* v. *Ely*, 162 N. Y. 79; *Capron* v. *Thompson*, 86 N. Y. 418; *People* v. *Smith*, 172 N. Y. 210; *People* v. *Koerner*, 154 N. Y. 355; *People* v. *Helmer*, 154 N. Y. 596; *People* v. *Schooley*, 149 N. Y. 99.)

O'BRIEN, J.     The issues in this case arise upon the defendant's counterclaim and the reply thereto, the affirmative cause of action set out in the complaint having been disposed of in a former decision of this court (170 N. Y. 582).     The counterclaim was for damages claimed to have been sustained by the defendant for breach of a written contract entered into between the plaintiff and one Stoner, bearing date the 28th day of April, 1899.     By the terms of this contract the plaintiff agreed to sell, make and deliver to Stoner paper hangings to the amount of between $25,000 and $50,000 on terms and prices as thereinafter stated, during the seasons of 1899 and 1900, so that it was a contract to last practically for two years.     Stoner agreed to purchase from the plaintiff not less than $25,000 net nor more than $50,000 net in paper hangings, an order for not less than $10,000 net as soon as the samples were ready to show to the trade.     It was further stipulated that Stoner should, under the contract, be entitled to the exclusive sale of the plaintiff's goods in the states of Iowa and Nebraska, excepting points thereafter to be agreed upon by the parties to the contract.

Stoner, some time after the execution of this contract, organized the defendant corporation which is controlled sub-

stantially by himself and his wife, and it is claimed that the contract was subsequently assigned by Stoner to the defendant. At the trial the defendant had a verdict on the counter-claim upon which judgment was entered and it has been unanimously affirmed by the court below. The record before us presents three principal questions: (1) Whether the contract was assignable, (2) whether it ever was in fact assigned, and (3) whether there was any ruling in favor of the defendant at the trial, to which exception was taken that constitutes a legal error. If this was a contract merely for the sale and delivery of a certain quantity of goods at a specified price and the relations created by the contract were simply those of buyer and seller, then there can be no question but the contract is assignable; but it is claimed that inasmuch as the contract gave to Stoner the exclusive sales of the plaintiff's goods in the two states named, excepting points thereafter to be agreed upon by the parties, it created personal relations between the parties that rendered the contract non-assignable. And it is further claimed that as certain points in the two states were thereafter to be excepted by agreement, and since that agreement was never made, the contract is in itself still incomplete in the sense that it could not have been transferred. This question may not be entirely free from difficulty and authorities are cited by both parties in support of their respective contentions. We do not think that it is necessary now to pass upon that question since there must be a new trial of the case for the reason which will be presently stated.

If the contract was in fact assigned to the defendant prior to the commencement of this action it was in some way other than an assignment in writing. It is claimed that there was a parol assignment and delivery that vested the interest in the defendant for all the purposes of the action. It may have been, and probably was, upon the proof in the record, a question of fact whether such assignment actually took place. There can be no assignment of a written contract unless the parties intended that an assignment should take place, and this intent must be manifested by some act or transaction sufficient to

transfer the title from one party to another. Whether the proof in this case justifies the conclusion that there was an assignment in fact we need not now express any opinion. There is no doubt, however, upon the record that one of the principal questions controverted at the trial was whether the defendant had acquired the title to this contract by an assignment of any kind from Stoner, and on that issue some evidence was given in behalf of the defendant which was objected to and which we think is fatal to the judgment.

The defendant gave in evidence what purported to be a written assignment of the contract by Stoner to itself. It appeared to be properly executed, but upon cross-examination of Stoner the fact was disclosed that this writing, which was without date, was actually signed subsequently to the commencement of this action and about the time of the first trial. As to the time when this alleged written assignment was made there is really no dispute between the respective counsel. When the defendant interposes a counterclaim and thereupon demands an affirmative judgment against the plaintiff the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment. (Code of Civ. Procedure, § 974.) The defendant, therefore, had the affirmative of the issue and the burden of proof. It was bound to establish the fact that it was the owner of this contract at the time of the commencement of this action, and it is very obvious that it had no right to give in evidence for the consideration of the jury what purported to be a written assignment which, as was disclosed by the cross-examination, had been made after the commencement of the action. It was obliged to stand or fall upon such rights as it had at the time that the suit was commenced. The issue which the defendant presented by the litigation, that it had become the assignee of the contract, was a vital one, and the evidence referred to must be held to have prejudiced the plaintiff. The fact that the trial court submitted to the jury the specific question whether there had been an assignment at

the time of the commencement of the action does not change the situation. A written assignment, without date, executed by Stoner to the defendant subsequent to the commencement of the action, must, in any view of the case, have been misleading with the jury. The finding of the jury upon the specific question thus submitted was that the assignment took place prior to the commencement of the action, but if that verdict was procured by the admission of evidence that was incompetent and calculated to mislead, then the judgment ought not to be permitted to stand and the parties must be remitted to a new trial. The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., HAIGHT, MARTIN, CULLEN and WERNER, JJ. (and GRAY, J., in result), concur.

Judgment reversed, etc.