COHEN v. WOLFF.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. ASSIGNMENTS (§ 137*)—PROOF OF—SUFFICIENCY.

In a suit on a claim originally due a corporation, testimony, by one not shown to have been an officer of the corporation, that the day before suit was brought he assigned the claim, is not enough to show plaintiff's ownership; there being nothing which would estop the corporation from thereafter suing on the claim.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 234; Dec. Dig. § 137.*]

2. ASSIGNMENTS (§ 131*)—ACTION BY ASSIGNEE—ANSWER—SUFFICIENCY OF DENIAL.

Where paragraph 3 of a complaint merely alleged the assignment of the cause of action to plaintiff, defendant's denial of information or knowledge sufficient to form a belief as to that paragraph was sufficient to put in issue the fact of the assignment.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. § 131.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Morris Cohen against Max Wolff. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Albert Erdman, of New York City, for appellant.
Bernard Braun, of New York City, for respondent.

GUY, J. The suit was brought by an alleged assignee of Cowen's Incorporated, a domestic corporation, upon a claim for goods sold and delivered.

· [1] On the trial plaintiff's counsel, for the purpose of proving the assignment pleaded, asked the witness Cowen if he had assigned on behalf of the corporation the claim against the defendant, to which he answered, "Yes." This witness subsequently said that the assignment was in writing, but the writing was not produced, and although it is stated at the end of the stenographer's minutes of the trial "that subsequently the assignment in question was mailed to the court and put among the papers," no such paper is included in the return. It does not appear that Cowen, who said he executed the assignment, was an officer of the corporation or in any way authorized to execute the assignment, and it was not proved that the assignment was in existence· at the time of the beginning of the ·action. When asked when the assignment was made, the same witness said:

"I think it was about some time in November, about the day prior tc the. commencement of the action."

The proof was insufficient to establish ownership in the plaintiff at the time of the commencement of the action. Liberty W. P. Co. v. Stoner W. P. Co., 178 N. Y. 219, 70 N. E. 501. There is nothing in the return which would estop Cowen's, Incorporated, from suing the defendant on the claim. Bernstein v. Horth (Sup.) 85 N. Y. Supp. 263.

[2] It is contended on the appeal, however, that the answer did not deny the assignment, and therefore the fact as alleged was admitted. Paragraph 3 of the complaint contains the single allegation of the assignment. The defendant, "answering the complaint," denied, among other things, that he had "any knowledge or information sufficient to form a belief as to the paragraph marked third." While the form of denial is loose and inartificial, and is not to be commended, it seems to me that, in view of the single, definite allegation of paragraph 3, the denial was sufficient to require the plaintiff to prove the assignment. This was apparently the view taken by plaintiff's counsel at the trial; as far as appears, he never challenged the sufficiency of the denial. In Bidwell v. Overton (Com. Pl.) 13 N. Y. Supp. 274, cited by the respondent, the pleader merely *averred* that he had not knowledge or information sufficient to form a belief as to a specified paragraph of the complaint. Here the defendant *denies* that he has any knowledge or information sufficient to form a belief of the paragraph in question.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.