London Produce Company, Inc., Plaintiff, *v.* Poels & Brewster, Inc., Defendant.

Supreme Court, New York County, May 4, 1925.

Sales — remedies of seller — action by assignee of seller against buyer for damages for refusal to accept merchandise shipped under contract calling for shipment to be made in January or February — goods were refused for untimely shipment — bills of lading incompetent to show proof of shipment — failure of plaintiff to prove entire contract was shipped timely precludes recovery.

Plaintiff's failure to show that the entire contract quantity of merchandise was shipped within the period specified in the contract of sale precludes a recovery in an action against the buyer for damages occasioned by the loss suffered by said plaintiff, the assignee of the seller, on the resale of the merchandise which said buyer refused to accept on the ground that shipment, which, under the terms of the contract, was to be made in January or February, was not timely.

Bills of lading indicating the date of shipment were irrelevant as between plaintiff and defendant and should have been excluded on the trial, since they were merely declarations of the person subscribing them and incompetent as proof of shipment against the defendant.

Motion by defendant to set aside verdict and for a new trial on the minutes.

*White & Case* [*David Paine* of counsel], for the plaintiff.

*John Kenneth Byard* [*Matthew Spalletta* of counsel], for the defendant.

Churchill, J.:

The action is by an assignee of the seller of certain tallow against the buyer for refusal to accept. I directed a verdict for plaintiff and reserved decision on defendant's motion for a new trial.

The tallow was to be shipped from Australia and by the terms of the contract shipment was required to be made during January or February, 1920. The goods arrived in New York in May, 1920, by rail from the Pacific coast. The shipping documents were tendered to the defendant, as required by the contract, but acceptance was refused on the ground that the shipment from Australia had not been timely. Plaintiff then resold the goods at a loss and brought this action for damages.

On a former trial a verdict was directed for plaintiff, but was set aside on motion by the trial judge. His order was affirmed by the Appellate Division (209 App. Div. 767). The error there had been in receiving the bills of lading in evidence without proof that they had been signed by an agent authorized to bind the steamship company. (*Bidwell* v. *Overton*, 26 Abb. N. C. 402.)

That defect in the proof was remedied by testimony taken by deposition and I accordingly received them in evidence on the second trial. But the bills of lading, as mere contracts between plaintiff and the steamship company, had no relevancy to the issue between plaintiff and defendant on the question whether or not the goods had been shipped in January or February, 1920. The bills of lading were dated in January, 1920, and if the issue had been between the plaintiff and the steamship company they would have been competent as admissions against interest and would have proved the receipt of the goods on or before the day of their date. If they had been issued by the master of a vessel and it was shown that he had since died, they would have been competent evidence even against defendant. (*Haddow* v. *Parry,* 3 Taunt. 303.) But that is a recognized exception to the rule. (3 Wigm. Ev. [2d ed.] §§ 1455, 1456.) The general principle is that a bill of lading is a mere declaration of the person who signs it and, therefore, incompetent as proof of shipment against any one else. (*Dickson* v. *Lodge,* 1 Stark. 226; *Paine* v. *Maine M. M. Ins. Co.,* 69 Maine, 568, 571.)

If the bills of lading be disregarded there is no evidence that the goods were shipped within the time specified in the contract. Some of them were seen on board the *Waimarino* in January by a witness whose deposition was taken. But the burden was on plaintiff to prove that the entire contract quantity was shipped in time. Proof that part was so shipped is no evidence that the remainder was also shipped in time. All the goods called for by the contract were ultimately delivered by the railroad company in New York after transportation across the continent. They were delivered to plaintiff upon surrender of the bills of lading before mentioned. But this does not prove that they all reached the Pacific coast port by the vessel named in the bills of lading and upon which part of them were shown to have been laden. They might have arrived by two or more vessels and yet have been brought to New York in one lot. They would have been properly delivered upon surrender of the bills of lading which had been issued in Australia and covered their transportation through to New York.

The affirmance of the order setting aside the verdict on the first trial shows that it was considered that the defendant had not waived its right to object that timely shipment had not been effected.

The motion to set aside the verdict is, therefore, granted and a new trial will be ordered.

Settle order on notice.